THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES L. GOEWEY, Defendant-Appellant.

Fourth District   No. 4—02—0846

Opinion filed December 29, 2003.

Michael J. Pelletier and Colleen Morgan, both of State Appellate Defender's Office, of Chicago, for appellant.

Frank McCartney, State's Attorney, of Pittsfield (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

On April 12, 2002, defendant, Charles Goewey, pleaded guilty to one charge of escape (720 ILCS 5/31—6(a) (West 2002)) and two

charges of burglary (720 ILCS 5/19—1 (West 2002)). Prior to the plea, defendant and the State agreed that the sentences would run concurrently, but that they would have to run consecutively to the charge for possession of a controlled substance that was pending before another court. After the State recited the factual basis for the pleas, the trial court determined that the State presented an adequate factual basis and that the pleas were voluntary and understandingly and knowingly made.

On May 7, 2002, the trial court sentenced defendant to three six-year sentences for the escape and burglary counts. These sentences were to run concurrently to one another and consecutively to separate sentences of possession of a controlled substance and aggravated battery. After sentencing defendant, the court did not properly admonish him pursuant to Supreme Court Rule 605(c) (210 Ill. 2d R. 605(c)) regarding the actions necessary to preserve his right to appeal. Specifically, the trial court incorrectly indicated that if defendant filed a motion to reconsider his sentence within 30 days, that would be enough to preserve his right to appeal.

On May 22, 2002, defendant filed a *pro se* motion for reduction of sentence in all three cases. Counsel was appointed to represent defendant and a hearing was held on the motion on August 27, 2002. The trial court denied the motion. This appeal followed.

In this matter, the State concedes that defendant was improperly admonished pursuant to Rule 605(c). We must agree. A trial judge must strictly comply with the dictates of the rule, and fundamental fairness requires that when the trial court erroneously advises a negotiated-plea defendant that a motion to reconsider the sentence will preserve his right to appeal, the cause must be remanded to the trial court with instructions to correctly admonish the defendant and provide him with an opportunity to withdraw his guilty plea. *People v. Diaz*, 192 Ill. 2d 211, 226-27, 735 N.E.2d 605, 613 (2000).

Because the trial court failed to comply with the admonishment requirements of Supreme Court Rule 605(c), we remand the cause with directions to properly admonish defendant under Rule 605(c) and give him the opportunity to move to have his guilty plea withdrawn, should he so desire.

Remanded with directions.

APPLETON and McCULLOUGH, JJ., concur.