NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 170858-U

NO. 4-17-0858

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 26, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| WILLIE MILLSAP, | ) | No. 17CF47 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Holder White and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court remands, finding the trial court failed to properly admonish
defendant pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001).

¶ 2     In February 2017, the State charged defendant, Willie Millsap, with being an armed habitual criminal, aggravated possession of a stolen firearm, and three counts of unlawful possession of a weapon by a felon. In June 2017, defendant pleaded guilty to all counts and the State agreed to cap its sentencing recommendation at 25 years in the Illinois Department of Corrections (DOC). In September 2017, the trial court sentenced defendant to 30 years in DOC for being an armed habitual criminal, 15 years for aggravated possession of a stolen firearm, and 7 years for unlawful possession of a weapon by a felon, with all sentences to be served concurrently.

¶ 3     On appeal, defendant argues (1) trial counsel's postplea motion was defective for failing to attach necessary documentation pursuant to Illinois Supreme Court Rule 604(d) (eff.

July 1, 2012), (2) the State breached its plea agreement by characterizing the sentencing cap as the "minimum" at the sentencing hearing, (3) the trial court erred in sentencing by relying on factors outside of the evidence presented, and (4) the trial court's sentence was excessive. The State argues Illinois Supreme Court Rules mandate defendant file a motion to withdraw his guilty plea before filing an appeal and the case must be remanded for the trial court to provide proper admonishments. We remand with instructions.

¶ 4                                  I. BACKGROUND

¶ 5        In February 2017, the State charged defendant by information with being an armed habitual criminal (720 ILCS 5/24-1.7 (West 2016)), aggravated possession of a stolen firearm (720 ILCS 5/24-3.9(a) (West 2016)), and three counts of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)).

¶ 6        In March 2017, at defendant's preliminary hearing, an officer from the Pontiac Police Department testified defendant was a passenger in a vehicle stopped pursuant to a traffic stop and within the vehicle were three firearms (a Smith and Wesson .357 handgun, a Mossberg 500 12-gauge shotgun, and a Smith and Wesson M&P 15 .223 rifle) reported stolen from Chenoa, Illinois. On defendant's person, police located a magazine and ammunition appropriate for the M&P 15 rifle. The officer testified defendant was a suspect in the firearm theft and police made a traffic stop based on information indicating defendant was involved in the theft and was in the vehicle. The officer also testified the vehicle did not immediately stop and there was an "extensive chase" before the car was stopped by the Pontiac Police Department.

¶ 7        In June 2017, immediately before beginning to proceed with jury selection, defendant pleaded guilty to all of the counts in exchange for the State's agreement to cap its sentencing recommendation at 25 years in the Illinois Department of Corrections. The State

acknowledged "we understand that the Court is not bound by what the cap recommendation of the State is." While admonishing the defendant, the trial court also informed defendant "the [trial] Court is not bound by [the State's] recommendation" and the maximum sentence on count I could be 30 years. The court reiterated that although the State agreed to cap its recommendation at 25 years, the court was not bound by the recommendation and defendant could be sentenced up to 30 years. Defendant acknowledged he understood, and the court set the matter for sentencing in August 2017.

¶ 8        At the sentencing hearing, Sergeant Robin Bohm of the Pontiac Police Department testified about defendant's involvement in the firearm burglary in Chenoa, the discovery of the vehicle defendant was traveling in, the vehicle's attempt to evade police capture, and the eventual arrest of defendant. The State also produced the squad car video of the incident for the court to review before sentencing. In arguing for a sentence of 25 years in accordance with the agreed upon sentencing cap, the State informed the court it capped the offer at 25 years "because *** 25 years is a sufficient punishment for his crimes but also a sufficient sentence or amount of time to protect the public from his continued violent crimes." After hearing arguments from the State and defense counsel, the trial court declined to impose discretionary consecutive sentences but sentenced defendant to 30 years on the armed habitual criminal count, 15 years for the aggravated possession of a stolen firearm count, and 7 years for unlawful possession of a weapon by a felon; all sentences to run concurrently. After imposing sentence, the court read defendant his appeal rights and stated, "prior to taking an appeal, you must file in this court within 30 days of today's date a written motion asking the Court to reconsider the sentence or to have the judgment vacated and for leave to withdraw your plea of guilty setting forth your grounds for the motion."

¶ 9        In October 2017, defendant filed a motion to reconsider his sentence, arguing the court's sentence was excessive, the defendant was intoxicated at the time of the offense, that imprisonment would impose excessive hardship to his dependent, and the court improperly considered previous convictions which served as the basis for the armed habitual criminal offense as evidence in aggravation, resulting in impermissible double enhancement of defendant's sentence. The trial court denied the motion, stating it referenced defendant's prior criminal history to underscore "the level of violence involved in these offenses," the court properly considered all relevant factors, and it entered a sentence within the range prescribed by statute.

¶ 10        This appeal followed.

¶ 11                                  II. ANALYSIS

¶ 12        On appeal, defendant argues (1) the postplea motion was defective for failing to attach necessary documentation, (2) the State breached its plea agreement at sentencing, (3) the trial court improperly relied upon factors outside of the evidence and an "erroneous inference" unsupported by facts before fashioning a sentence, (4) the trial court failed to properly consider defendant's youth as a mitigating factor, and (5) defendant's sentence was excessive. The State argues a single threshold issue not raised by defendant; namely, defendant was not properly admonished regarding his appeal rights and the case should be remanded for compliance with Illinois Supreme Court Rule 605 (eff. Oct. 1, 2001). In its reply, defendant disputes the case must be remanded for proper admonishments and claims the State has forfeited any arguments concerning defendant's substantive arguments. We agree with the State.

¶ 13        Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) states, in part, "[n]o appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the

defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, a specific range of sentences, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Similarly, Illinois Supreme Court Rule 605(c)(2) (eff. Oct. 1, 2001) sets forth the proper admonishments a trial court must provide a defendant upon entering a negotiated guilty plea. The rule, in part, requires the trial court to inform defendant he has a right to appeal and "that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion[.]" Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). We have previously noted how Rules 604(d) and 605 are intended to work together. See *People v. Young*, 387 Ill. App. 3d 1126, 1128, 903 N.E.2d 434, 436 (2009). Strict compliance with Rule 605 is required and when the trial court fails to provide the appropriate admonishments and defendant fails to comply with Rule 604, remand is necessary so a defendant can be properly admonished under Rule 605. *People v. Jamison*, 181 Ill. 2d 24, 29-30, 690 N.E.2d 995, 997-98 (1998). Illinois Supreme Court rules are not aspirational, but rather have the force of law. *Bright v. Dicke*, 166 Ill. 2d 204, 210, 652 N.E.2d 275, 277-78 (1995). Whether or not a trial court properly admonished defendant under Rule 605 is reviewed *de novo*. *People v. Taylor*, 345 Ill. App. 3d 1064, 1083, 804 N.E.2d 116, 131 (2004).

¶ 14        After sentencing the defendant, the trial court provided the following admonishment to defendant:

"You have the right—Or prior to taking an appeal, you must file in this court within 30 days of today's date a written motion asking the Court to reconsider the sentence or to have the judgment vacated and for leave to withdraw your plea of guilty setting forth your grounds for the motion."

¶ 15    This admonishment provided by the trial court is the proper admonishment under Rule 605(b) applicable to all cases where judgement is entered upon a plea of guilty, *other than negotiated pleas*. Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001). However, in the matter before us, defendant entered into a negotiated plea. See *People v. Linder*, 186 Ill. 2d 67, 72, 708 N.E.2d 1169, 1171-72 (1999) (When defendant pleads guilty in exchange for a sentencing recommendation cap, defendant cannot move to reconsider the sentence, he must file a motion to withdraw the guilty plea and vacate the judgment.). Accordingly, defendant was required to file a motion to withdraw his guilty plea within 30 days after the entry of his sentencing, and therefore it was incumbent upon the trial court to admonish defendant he must file a motion to withdraw his plea and seek to vacate the sentence.

¶ 16    In his reply, defendant contends remand is not necessary and argues the supreme court holding in *People v. Johnson*, 2019 IL 122956, 129 N.E.3d 1239, does not require remand in the present case. In *Johnson*, the trial court properly admonished the defendant pursuant to a negotiated plea, and the defendant correctly filed a motion to withdraw his guilty plea. *Johnson*, 2019 IL 122956, ¶¶ 11-12. However, instead of arguing the trial court erred in denying his motion to withdraw, the defendant presented a new argument on appeal, claiming the court improperly relied on aggravating factors at sentencing which arose to a constitutional challenge implicating due process and fundamental fairness. *Johnson*, 2019 IL 122956, ¶ 36. The supreme

court found the defendant forfeited this issue but agreed to relax the forfeiture rules to hear the matter on the merits. It rejected the defendant's claim, stating:

> "[A] defendant who enters into a negotiated plea agreement may not challenge his sentence on the basis that the court relied on improper statutory sentencing factors. This type of sentencing challenge is an excessive sentencing challenge. Under Rule 604(d), a defendant's recourse is to seek to withdraw the guilty plea and return the parties to the status quo before the plea." *Johnson*, 2019 IL 122956, ¶ 57.

¶ 17 The relevance of *Johnson*, for our purposes, is to point out how a defendant seeking to challenge a sentence imposed after a negotiated plea has to ask to withdraw his plea, not merely seek reconsideration. The defendant in *Johnson* was properly admonished and filed a motion to withdraw a guilty plea and vacate his sentence pursuant to his negotiated plea. In the case before us, defendant was neither properly admonished, nor did he file the appropriate motion consistent with Rule 605(c). Defendant claims *Johnson* does not preclude him from pursuing a remedy on his motion to reconsider from his negotiated plea because defendant did not receive a sentence within the agreed upon cap. Regardless of how he frames it, defendant's claim is an excessive sentence challenge, which the supreme court has said requires a motion to withdraw the plea. *Johnson*, 2019 IL 122956, ¶ 57. When a plea bargain limits the State from arguing the full range of penalties, a defendant is not permitted to file a motion to reconsider his sentence. Defendant is required to file a motion to withdraw his plea so both parties are returned to their respective positions before the agreement was entered. *People v. Diaz*, 192 Ill. 2d 211, 225, 735 N.E.2d 605, 612 (2000). In reversing the appellate court's decision, our supreme court

in *Johnson* confirmed this is the proper procedure to pursue when challenging a negotiated sentence (*Johnson*, 2019 IL 122956, ¶ 57), and we decline defendant's invitation to depart from this view.

¶ 18    In *Young*, the defendant pleaded guilty to a drug offense and the State agreed to cap its sentencing recommendation at 12 years in the Illinois Department of Corrections. *Young*, 387 Ill. App. 3d at 1127. The trial court sentenced him to 11 years in prison and admonished the defendant that in order to appeal, he would need to file "a written motion asking [the court] to reconsider [his] sentence or to have judgment vacated and for leave to withdraw [his] plea of guilty." *Young*, 387 Ill. App. 3d at 1127. The defendant filed a motion to reconsider his sentence which was denied by the trial court. *Young*, 387 Ill. App. 3d at 1127. We remanded the case so the trial court could strictly comply with Rule 605 and properly provide the correct negotiated plea admonishments. *Young*, 387 Ill. App. 3d at 1129.

¶ 19    Like *Young*, defendant in this matter pleaded guilty and the State agreed to cap its sentencing recommendation. The trial court then admonished defendant under Rule 605(b), instead of properly admonishing him under 605(c). Because the plea agreement included a sentencing cap recommendation by the State, the trial court was required to admonish defendant pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Defendant filed a motion to reconsider his sentence which was denied. So, like *Young*, we must remand so the trial court can properly admonish defendant pursuant to Rule 605 and the potential for filing appropriate postsentencing motions as required under Rule 604. See also *People v. Goewey*, 345 Ill. App. 3d 325, 326, 802 N.E.2d 371, 372 (2003) (Trial courts *must* strictly comply with Rule 605, and when a trial court fails to provide defendant with proper admonishments pursuant to a negotiated plea, remand is necessary to provide defendant proper admonishments consistent with the rule.).

¶ 20    Defendant raises several other issues which we need not consider in light of remand.

¶ 21                         III. CONCLUSION

¶ 22    For the reasons stated, we remand the cause for further proceedings consistent with this order.

¶ 23    Remanded with directions.