NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180578-U

NO. 4-18-0578

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 21, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| TODD A. BROWN, | ) | No. 17CF704 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appellate counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

¶ 2    Defendant, Todd A. Brown, entered a negotiated plea of guilty to the offense of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) in exchange for the State's promise to dismiss the other charges against him and to cap its sentencing recommendation at 18 years' imprisonment. At sentencing, the State recommended an 18-year sentence and the trial court ultimately imposed a 12-year sentence. Defendant filed a motion to reconsider his sentence, which the court denied. Defendant appeals the trial court's denial.

¶ 3    On appeal, the Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD filed a motion to withdraw as appellate counsel, citing *Anders v.*

*California*, 386 U.S. 738 (1967), and alleging an appeal would be frivolous. We grant OSAD's motion and affirm the trial court's judgment.

¶ 4                                    I. BACKGROUND

¶ 5        On May 26, 2017, defendant was charged with two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)) and two counts of aggravated criminal sexual abuse (*id.* § 11-1.60(c)(1)(i)). Defendant subsequently pleaded guilty to one count of predatory criminal sexual assault of a child.

¶ 6        During defendant's plea hearing, the State informed the trial court that, in exchange for defendant's guilty plea, the State agreed to dismiss the other charges against defendant and "cap any recommendation at 18 years." The court admonished defendant that, after his plea was entered, the court would conduct a sentencing hearing at which, in accordance with his negotiated plea agreement, defendant could be sentenced to up to 18 years in prison. The court further informed defendant that predatory criminal sexual assault of a child was a class X felony which normally carried a sentencing range of between 6 years and 60 years, to be served at 85%, followed by a term of mandatory supervised release of between 3 years and natural life. Defendant stated he understood the charges against him, the potential penalties, and the rights he was giving up. Defendant also stated no one had forced him to enter his guilty plea or made him any promises not included in the State's recitation of his negotiated plea agreement. After the State recited the factual basis, the court accepted defendant's plea, finding it was "knowingly, voluntarily, and intelligently made."

¶ 7        On April 3, 2018, the trial court conducted a sentencing hearing. During the hearing, the State presented witness testimony as well as two victim impact statements, one from

the minor victim and another from the minor victim's mother. Defendant's sister testified on his behalf. Defendant spoke in allocution.

¶ 8        After the presentation of evidence, the State requested the trial court impose an 18-year prison sentence, and defense counsel requested the court impose a 6-year prison sentence. The court imposed a sentence of 12 years' imprisonment.

¶ 9        On May 2, 2018, defendant *pro se* filed a motion to reduce sentence. In his motion, defendant alleged: (1) "counsel did not inform [him] that with only one alleged incident [he] could only be convicted of one crime"; (2) "counsel did not gather evidence to show that [the] victim's statements were untrue"; and (3) "[he] is primary caregiver for [his] sister and her husband." Defendant was provided counsel to represent him on his postplea motion.

¶ 10        Defendant's counsel subsequently filed an amended motion to reconsider sentence and an Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) certificate. Defendant alleged that "the [c]ourt failed to properly consider the evidence in mitigation, thus depriving [defendant] of a fair sentencing hearing." In his amended motion, defendant cited *People v. Johnson*, 2017 IL App (4th) 160920, 87 N.E.3d 1073, for the proposition that "a defendant who entered into a partially negotiated plea agreement may argue he was deprived of a fair sentencing hearing where the trial court relied on improper sentencing factors."

¶ 11        During a status hearing conducted on July 10, 2018, the following colloquy occurred:

"MS. SANDERS [(defense attorney)]: [Defendant] filed a *pro se* [m]otion to [r]econsider [s]entence, and I was appointed to represent him on that. I did speak with him to make sure he did not wish to withdraw his plea. He does not. So I did file an [a]mended

[m]otion to [r]econsider [s]entence after speaking with him. There was a cap on his plea before I went to sentencing so I did file a 604(d) certificate.

THE COURT: So this was a partial plea with a cap?

MS. SANDERS: Yes.

THE COURT: And so you filed an [a]mended [m]otion to [r]econsider [s]entence. Don't you also have to file a motion to withdraw his guilty plea unless I considered improper sentencing factors—

* * *

MS. SANDERS: Yes. And that's how I framed the [m]otion to [r]econsider [s]entence."

¶ 12        On August 16, 2018, the trial court conducted a hearing on defendant's amended motion to reconsider his sentence. At the end of the proceeding, the court denied defendant's motion, finding the court "consider[ed] at the time of the sentence hearing the factors in mitigation as set forth in [defendant's] motion" and "considered numerous factors in aggravation."

¶ 13        This appeal followed. As stated, OSAD was appointed to represent defendant on appeal. In March 2020, it filed a motion to withdraw as appellate counsel and attached a memorandum of law in support, which explained that any appeal from the trial court's denial of defendant's motion to reconsider sentence would be meritless. Proof of service of the motion on defendant has been shown. Additionally, this court granted defendant leave to file a response to OSAD's motion, but he has not responded. After examining the record and executing our duties in accordance with *Anders*, we grant OSAD's motion and affirm the trial court's judgment.

¶ 14                                    II. ANALYSIS

- 4 -

¶ 15      OSAD argues no colorable argument can be made on appeal that the trial court erred in denying defendant's amended motion to reconsider his sentence because defendant did not also seek to withdraw his guilty plea. We agree.

¶ 16      Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) governs the procedure criminal defendants must follow when challenging a judgment entered upon a plea of guilty. The rule provides, in relevant part:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

"The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01, 802 N.E.2d 1174, 1180 (2003). Although a defendant's failure to file a Rule 604(d) motion "does not deprive the appellate court of jurisdiction over a subsequent appeal[,]" generally, "the failure to file a *** Rule 604(d) motion precludes the appellate court from considering the appeal on the merits" and requires the appellate court to dismiss the appeal. *Id.* at 301. This is because "[b]y agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *People v. Linder*, 186 Ill. 2d 67, 74,

708 N.E.2d 1169, 1172 (1999). As our supreme court has explained, where the sentence imposed by the court is within the cap agreed upon by the parties, "allowing the defendant to seek reconsideration of his sentence without also moving to withdraw his guilty plea unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms." *Id.*

¶ 17 In the present case, defendant argued in his postplea motion that Rule 604(d) did not bar his challenge to the sentence imposed by the trial court because, rather than claiming his sentence was excessive, he was claiming the court "considered improper sentencing factors." In support, defendant cited *People v. Johnson*, 2017 IL App (4th) 160920, ¶ 42, 87 N.E.3d 1073, in which this court held, under Rule 604(d), "a defendant need not withdraw his guilty plea to raise an improper-sentence argument despite entering into a partially negotiated plea agreement." In that case, we distinguished an allegation of "excessive sentencing" and "improper sentencing," noting that, in the latter, a defendant "is asserting his constitutional right to a fair sentencing hearing was violated." *Id.* ¶ 31.

¶ 18 OSAD correctly notes that, in the period between the trial court's denial of defendant's postplea motion and defendant's appeal, the Illinois Supreme Court has reversed our opinion in *Johnson*. In *People v. Johnson*, 2019 IL 122956, 129 N.E.3d 1239, the supreme court rejected any distinction between an excessive sentence claim under Rule 604(d) and the defendant's improper sentencing claim, including the defendant's contention that, unlike in an excessive sentence claim, an improper sentencing claim raises issues "of constitutional dimension [and] implicates due process and fundamental fairness." *Id.* ¶ 36. The court further stated:

"[A] defendant who enters into a negotiated plea agreement may not challenge his

- 6 -

sentence on the basis that the court relied on improper statutory sentencing factors. This type of sentencing challenge is an excessive sentence challenge. Under Rule 604(d), a defendant's recourse is to seek to withdraw the guilty plea and return the parties to the status quo before the plea." *Id.* ¶ 57.

¶ 19 In the present case, defendant was sentenced in accordance with a negotiated plea agreement for purposes of Rule 604(d). See *Linder*, 186 Ill. 2d at 74 (stating a negotiated plea occurs where "the defendant agrees to plead guilty in exchange for the State's dismissal of certain charges and recommendation of a cap on his sentence"). According to *Johnson*, a postplea claim that the trial court relied on an improper sentencing factor is equivalent to an excessive sentencing claim for purposes of Rule 604(d). *Johnson*, 2019 IL 122956, ¶ 57. Thus, defendant was required to move to withdraw his guilty plea before bringing the present appeal. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Defendant did not move to withdraw his guilty plea and defense counsel informed the court that defendant had no wish to do so. Accordingly, we agree with OSAD that no colorable argument can be made on appeal that the trial court erred in denying defendant's amended motion to reconsider sentence.

¶ 20                                   III. CONCLUSION

¶ 21 For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 22 Affirmed.