# Illinois Official Reports

## Supreme Court

***People v. Johnson*, 2019 IL 122956**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. OCTAVIUS LORENZO JOHNSON, Appellee. |
| Docket No. | 122956 |
| Filed | January 25, 2019 |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of McLean County, the Hon. Scott D. Drazewski, Judge, presiding. |
| Judgment | Appellate court judgment reversed in part and vacated in part. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and Erin M. Levin, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| | James E. Chadd, State Appellate Defender, Jacqueline L. Bullard, Deputy Defender, and Daaron V. Kimmel, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Springfield, for appellee. |

Justices     JUSTICE THEIS delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Thomas, Kilbride, Garman, Burke, and Neville concurred in the judgment and opinion.

## OPINION

¶ 1     In this case, we consider whether a defendant who enters into a negotiated plea agreement may challenge a sentence that conforms to the plea agreement, on the ground that the trial court relied on improper aggravating factors, without withdrawing his guilty plea under Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014). The appellate court recognized a split of authority on the issue and held that Rule 604(d) did not bar a defendant under these circumstances from challenging the sentence. 2017 IL App (4th) 160920. For the following reasons, we reverse in part and vacate in part the judgment of the appellate court.

¶ 2                               BACKGROUND

¶ 3     In October 2013, defendant Octavius Lorenzo Johnson was charged by indictment in connection with several controlled drug incidents occurring on two separate days. The charges included possession with intent to deliver between 1 and 15 grams of a controlled substance within 1000 feet of a church (720 ILCS 570/401(c), 407(b)(1) (West 2012)), a Class X felony; three counts of delivery of less than 1 gram of a controlled substance within 1000 feet of a church (*id.* §§ 401(d), 407(b)(2)), a Class 1 felony; and five counts of lesser-included offenses.

¶ 4     In November 2014, defendant entered into a negotiated plea agreement in which he agreed to plead guilty to two counts of unlawful delivery of a controlled substance within 1000 feet of a church—a Class 1 felony with a sentencing range of 4 to 15 years. *Id.*; 730 ILCS 5/5-4.5-30(a) (West 2012).[1] In exchange, the State agreed to dismiss the seven remaining charges and to recommend a sentencing cap of 13 years' imprisonment.

¶ 5     After the McLean County circuit court delivered Illinois Supreme Court Rule 402 (eff. July 1, 2012) admonishments and received a factual basis for the pleas, defendant acknowledged that he understood he was agreeing to a sentence of no less than 4 years and no more than 13 years. The court accepted defendant's guilty pleas and entered findings of guilt.

¶ 6     At the sentencing hearing, the court was presented with defendant's presentence investigation report. Defendant's prior convictions included resisting a peace officer, criminal trespass to property, four counts of aggravated driving under the influence involving two fatalities and two counts of great bodily harm, operating an uninsured motor vehicle, and unlawful restraint. He was appearing before the court for sentencing on his sixth felony and second driving under the influence (DUI) conviction.

¶ 7     The State recommended that the court impose a 13-year sentence, citing protection of the public and defendant's extensive prior criminal history. The State also informed the court that the current offenses were committed while defendant was on probation for the offense of

_____

[1]Defendant also pleaded guilty at that time to a separate charge of driving under the influence with no agreement as to the sentence. That plea agreement is not at issue here.

unlawful restraint and that the unlawful restraint was committed while defendant was on "parole" from the DUI offense. There was also a joint recommendation by both parties to terminate and discharge defendant unsuccessfully from probation.

¶ 8    Defendant sought a six-year sentence, noting mitigating factors. Defense counsel argued that "defendant caused no physical harm by his actions here," although "there may be said to be a potential for harm." Counsel pointed out a substantial history with alcohol abuse without any meaningful intervention, defendant's age of 31 years, his difficult childhood circumstances, and his poor education. Counsel also noted defendant's participation in a number of rehabilitation programs while in pretrial custody. Defendant also made a statement in allocution. He acknowledged his alcoholism and expressed his remorse and his desire to be accountable and to apply what he has learned to better himself. He stated that his "intentions and motives were never to hurt [anybody]."

¶ 9    The circuit court then made the following findings. In mitigation, the trial court commended defendant's actions taken toward rehabilitation while in custody but disagreed with defendant's assertion that there was a lack of harm or threat of harm. The court explained the harm in "hurting others" that cared for him in his life and the harm, "as you have pointed out to a lesser degree," from

"preying, in essence, upon the addictions of others, and so when you are selling drugs, in essence, to individuals who are addicted, you know that you're not helping them. It's for profit; it's for gain. It could, or might, cause serious physical harm to them depending upon how they use or abuse those drugs, so that isn't a factor in mitigation."

¶ 10    In aggravation, the trial court found, "the conduct threatened serious harm. You did receive compensation, that being for committing the offense, that being of selling drugs." The court then referenced defendant's "revolving door" criminal history—this was defendant's sixth felony, he was on "parole" for the offense of aggravated DUI at the time he committed the unlawful restraint, and he was on probation for the unlawful restraint at the time he committed the current drug offenses. The trial court further found, as defendant had acknowledged in allocution, that there was a necessity to deter others from committing the same types of crimes and the need to balance the factors in aggravation and mitigation.

¶ 11    Although the court expressly stated that the State's recommendation for a 13-year sentence was justified in this case, the trial court recognized that defendant had utilized the resources available to him while in custody to try to better himself. The court imposed concurrent prison terms of 11 years—2 years below the maximum agreed-upon sentencing cap. The trial court then admonished defendant with respect to his right to appeal and explained that, to preserve his right to appeal, defendant must first file a motion to withdraw the plea and vacate the judgment.

¶ 12    Thereafter, despite the admonishment, defendant filed a *pro se* motion to reduce his sentence, arguing that the sentence was excessive in light of his rehabilitative potential. At a hearing on the motion, where defendant was represented by counsel, the court indicated that, because defendant's sentence was pursuant to a plea agreement, the court could not simply reconsider his sentence. The court informed defendant that, if he wished to try to "go back to square one," he must move to withdraw his plea. The court explained that, if defendant's motion were granted, all nine charges would be reinstated, the court would no longer be limited to a cap of 13 years, and defendant faced a potential penalty on the Class X charge of 6 to 30

years in prison, if convicted. After discussing the matter with counsel, defendant was granted leave to file an amended motion to withdraw his plea.

¶ 13 At the hearing on the motion to withdraw his plea, defendant argued that his plea was not knowing and voluntary. He testified that his counsel was ineffective because he did not inform him about all of the facts of his case, failed to sufficiently argue his rehabilitative potential, and told him that, notwithstanding the agreed-upon cap of 13 years, his sentence would not be double digits. He acknowledged that he was informed by the court that any sentence imposed would not be less than 4 years and would not be more than 13 years in the event the court concurred in the agreement, and he indicated that he had understood that the State was recommending the maximum 13-year sentence under the agreement at that time.

¶ 14 The circuit court denied the motion, finding no legal basis to allow the plea to be withdrawn. In reaching its conclusion, the court noted that the State had already made certain concessions at the time of the plea agreement from a 15-year maximum penalty to a 13-year maximum penalty and that the court specifically took into consideration the rehabilitation offered by counsel in reducing the sentence. The court continued to find that an 11-year sentence was appropriate.

¶ 15 On initial appeal, the appellate court remanded for counsel's strict compliance with the certificate requirement of Rule 604(d). On remand, defendant chose not to file any new postplea motion or amend his motion. The court once again denied the motion to withdraw the plea.

¶ 16 On appeal after remand, defendant abandoned any claim that the trial court erred in denying his motion to withdraw his plea. Instead, for the first time, he argued that he need not withdraw his plea where the trial court erred in sentencing him. He argued that the court improperly relied on two statutory aggravating factors—that his conduct caused or threatened serious harm and that he received compensation for committing the offenses—inherent in his drug offense. Although he recognized that he never raised this argument in the circuit court, he requested that the claim be reviewed for plain error.

¶ 17 The State did not refute the merits of defendant's argument that the circuit court relied on improper sentencing factors, nor did it respond to defendant's request for plain-error review. Rather, the State raised a threshold issue, contending that defendant's negotiated plea barred him from raising his sentencing challenge pursuant to Rule 604(d).

¶ 18 After examining the applicable rules and the relevant case law, the appellate court held that a defendant who enters into a partially negotiated plea agreement need not withdraw his plea in order to challenge his sentence on the basis that the trial court relied on improper sentencing factors. 2017 IL App (4th) 160920, ¶ 42.

¶ 19 In proceeding to reach the merits of defendant's appeal, the court found that the trial court did not "make any dismissive or emphatic comments" when it listed the improper factors in aggravation and "did not specifically elaborate" on them, "instead simply enumerating them among other aggravating factors." *Id.* ¶ 50. The court then found that, where the record was "unclear whether or how much weight was afforded to the improper aggravating factors," the court committed reversible error, which required a remand for a new sentencing hearing. *Id.* ¶¶ 51-52.

¶ 20 Despite the court's finding that defendant failed to fully develop his plain-error argument, the court was persuaded that the rules of forfeiture should be relaxed in this particular case due

- 4 -

to the lack of clarity with respect to defendant's rights and obligations under Rule 604(d). The court concluded that the errors rose to the level of second-prong plain error because the error deprived him of a fair sentencing hearing. *Id.* ¶¶ 55-56. We allowed the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2017).

¶ 21                                                   ANALYSIS

¶ 22        The sole issue before this court is whether the appellate court erroneously reached the merits of defendant's sentencing challenge. That determination turns on the proper application of Rule 604(d), which is a question of law, reviewed *de novo*. *People v. Cole*, 2017 IL 120997, ¶ 20.

¶ 23                          I. Historical Development of Rule 604(d)

¶ 24        Illinois Supreme Court Rule 604(d) governs the procedures to be followed where a defendant seeks to challenge a judgment entered after pleading guilty. The rule, in its original form, provided that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." 58 Ill. 2d R. 604(d) (eff. July 1, 1975).

¶ 25        In 1992, this court amended Rule 604(d) to provide that

            "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant *** files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment." 145 Ill. 2d R. 604(d) (eff. Aug. 1, 1992).

¶ 26        In several subsequent decisions by this court, we examined the contours of the amended rule. In *People v. Evans*, 174 Ill. 2d 320, 332 (1996), we held that a defendant may not unilaterally seek to reduce his sentence by filing a motion for sentence reconsideration under Rule 604(d) where he pleads guilty to certain charges in exchange for an agreement to dismiss charges and recommend a specific sentence—a plea arrangement characterized as "negotiated." In that situation, a defendant must move to withdraw the plea and vacate the judgment and show that the granting of the motion is necessary to correct a manifest injustice. *Id.*

¶ 27        Our rationale for this conclusion was dictated by the nature of the plea agreement and the application of contract law principles. We explained that a defendant who seeks to reduce the agreed-upon sentence seeks "to hold the State to its part of the bargain while unilaterally modifying the sentence[ ] to which they had earlier agreed." *Id.* at 327. Such a practice would violate contract principles because, in a negotiated plea agreement, "the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain." *Id.* at 332.

¶ 28        Thereafter, in *People v. Linder*, 186 Ill. 2d 67 (1999), we applied the same contract law principles with equal force where a defendant agreed to plead guilty in exchange for a recommended sentencing cap. Again, we highlighted the significance of the plea bargaining process. Under this type of negotiated plea, we reasoned that, "[b]y agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *Id.* at 74. We explained that under these circumstances, allowing a defendant to move to reconsider his sentence without withdrawing his plea "unfairly binds the State to the terms of the plea

agreement while giving the defendant the opportunity to avoid or modify those terms." *Id.* Thus, we held these types of negotiated agreements raised the same concerns that were present in *Evans*. *Id.*

¶ 29 The special concurrence highlighted that the State's sentencing concession was a material component of the bargain and, by virtue of this type of agreement, the State "forgoes or limits its ability at sentencing to seek a sentence from the full range of penalties set forth in the Code of Corrections." *Id.* at 80 (Freeman, C.J., specially concurring).

¶ 30 In contrast to the circumstances presented in *Evans* and *Linder*, in *People v. Lumzy*, 191 Ill. 2d 182, 187 (2000), we held that, where absolutely no agreement existed between the parties as to the defendant's sentence, a defendant is not required to withdraw his plea in order to challenge his sentence. Under this type of plea, no contract principles were violated, and the "sentence did not go 'hand in hand' with the plea" because the State "did not make any facet of sentencing an element of its bargain with defendant." *Id.* at 189 (Freeman, J., specially concurring).

¶ 31 Thereafter, in *People v. Diaz*, 192 Ill. 2d 211, 225 (2000), we summarized that under Rule 604(d) a defendant is not required to move to withdraw his guilty plea in order to challenge his sentence where the plea bargain is silent as to sentencing. However, we reiterated that, where the plea agreement between a defendant and the State concerns both the charging and sentencing aspects of the defendant's case, the defendant must move to withdraw the plea. *Id.* Our rationale was again animated by the nature of the plea and contract principles because the sentence is premised upon the plea.

> "The existence of a sentencing concession by the State activates the application of the *Evans* rule, as the sentence is thereby made a part of the bargain between the parties. Therefore, if a plea agreement limits or forecloses the State from arguing for a sentence from the full range of penalties available under law, in order to challenge his sentence, a defendant must first move to withdraw his plea in the trial court. If the court grants the motion, both parties are then returned to the status quo as it existed prior to the acceptance of the plea." *Id.*

¶ 32 In 2000, consistent with the development of our case law, this court amended Rule 604(d). The rule now includes the following pertinent language:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000).

¶ 33 ## II. Application of Rule 604(d) to Defendant's Challenge

¶ 34 The State maintains that Rule 604(d) precludes a defendant who entered into a negotiated guilty plea from challenging a sentence that was statutorily authorized and within the terms of the plea agreement. The State argues that pursuant to Rule 604(d) defendant's recourse is to seek to withdraw the plea and vacate the judgment. In support, the State argues that the current

version of the rule is a logical codification of the *Evans-Linder-Diaz* line of cases and that the historical evolution of the rule rebuts defendant's assertions.

¶ 35    The State notes that this court has exempted the application of Rule 604(d) to negotiated pleas in two narrow instances: (1) where a defendant challenged his sentence as not authorized by statute (*People v. Williams*, 179 Ill. 2d 331 (1997); *People v. Wilson*, 181 Ill. 2d 409 (1998)) and (2) where a defendant challenged the statute under which he was sentenced as facially unconstitutional and void *ab initio* (*People v. Guevara*, 216 Ill. 2d 533 (2005)). The State asserts that defendant's sentencing challenge does not fall within either instance.

¶ 36    Defendant acknowledges that he does not wish to withdraw his "favorable" plea. Rather, in an attempt to preclude the application of the rule to his claim on appeal, defendant maintains there is a distinction between a challenge to a sentence as being "excessive" and the challenge he now makes—a challenge to a sentence because the court improperly relied on certain statutory aggravating factors. He maintains that the distinction lies in the fact that his challenge is one of constitutional dimension that implicates due process and fundamental fairness.

¶ 37    The Second and Fourth Districts have drawn a distinction between an "excessive" sentencing challenge and an "improper" sentencing challenge, finding the latter challenge not barred by Rule 604(d). See, *e.g.*, 2017 IL App (4th) 160920; *People v. Palmer-Smith*, 2015 IL App (4th) 130451; *People v. Martell*, 2015 IL App (2d) 141202. The Third District rejected this argument, finding it would reduce the withdrawal requirement of Rule 604(d) to "nothingness" and would deny the State the benefit of its bargain in negotiated pleas. *People v. Rademacher*, 2016 IL App (3d) 130881, ¶¶ 58-60. Thus, to resolve this split in authority, we consider the nature of defendant's challenge.

¶ 38    Defendant contends that the circuit court considered improper aggravating factors in sentencing that were inherent in the offense. The aggravating factors that may be applied by the circuit court in sentencing are creatures of statute. See 730 ILCS 5/5-5-3.2 (West 2014). The prohibition against dual use of an aggravating factor, referred to as "double enhancement," is "based on the assumption that, in designating the appropriate range of punishment for a criminal offense, the legislature necessarily considered the factors inherent in the offense." *People v. Phelps*, 211 Ill. 2d 1, 12 (2004). Thus, when a defendant contends the court improperly considered a statutory aggravating factor that was implicit in the offense, the defendant is asserting that the court imposed a " 'harsher sentence than might otherwise have been imposed' " had the court not considered the improper statutory factor. *Id.* (quoting *People v. Gonzalez*, 151 Ill. 2d 79, 83-84 (1992)).

¶ 39    Thus, defendant's argument is essentially that, had the trial court not erred in its application of the statute and had it not erroneously considered those statutory factors, he would have gotten a lower sentence than the 11-year sentence that was imposed. Stated another way, defendant contends the court imposed an excessive sentence.

¶ 40    Notably, this argument has been indeed characterized in our case law as an excessive sentence challenge. See, *e.g.*, *People v. Saldivar*, 113 Ill. 2d 256, 265-66 (1986) ("defendant contends in this court that his sentence is excessive because a material element of the offense was the primary aggravating factor on which the circuit court relied in imposing sentence"); *People v. Reed*, 2018 IL App (1st) 160609, ¶ 54 ("defendant argues his 50-year sentence *** is excessive because the trial court improperly considered elements of those crimes as aggravating factors in sentencing").

¶ 41 Ultimately, we find the nature of defendant's challenge to be a distinction without a difference for purposes of Rule 604(d). To find otherwise would allow almost every sentencing challenge in a criminal case to be restated in a constitutional due process framework as a way to avoid the rule. This type of exception would result in making Rule 604(d)'s requirements superfluous.

¶ 42 Rather, we find *Diaz* to be ample support for our conclusion that the nature of the plea agreement and contract principles bar defendant from moving to reconsider his sentence. In *Diaz*, the defendant entered into a negotiated plea in which he agreed to plead guilty to certain charges in exchange for the State's agreement to certain sentencing concessions, which resulted in a recommendation to cap his sentence at 30 years. The defendant received a sentence of 20 years, well within the bargain, but sought to challenge his sentence on appeal because the trial court improperly allowed certain evidence to be introduced during the sentencing proceedings. As a result of the evidentiary errors committed by the circuit court, defendant argued he was entitled to a new sentencing hearing. The State contended that the plea agreement was analogous to the agreement in *Linder* and, therefore, defendant's recourse was to move to withdraw his plea. We agreed.

¶ 43 We first reconfirmed that the nature of the plea was one in which the State made sentencing concessions, which meant that defendant's "guilty plea and sentence '[went] hand in hand' as material elements of the plea bargain." *Diaz*, 192 Ill. 2d at 224. The plea agreement specifically limited the State from arguing for a sentence from the full range of penalties available under the law. *Id.* Therefore, based on the nature of his plea agreement and contract law principles, defendant was required to move to withdraw his plea under Rule 604(d). *Id.* at 225.

¶ 44 Additionally, this court in *Diaz* specifically rejected the defendant's assertion that the nature of the error in his case—the court improperly allowing certain evidence at the sentencing hearing—was more akin to the types of sentencing challenges allowed in *Williams* and *Wilson*, where the sentences did not conform with the statute. We held that the defendant's reliance on those cases was misplaced because he was not asserting that his sentence was not authorized by statute. *Id.* at 225-26.

¶ 45 Similarly, in this case, defendant entered into a negotiated plea in which he pleaded guilty in exchange for not only dismissal of certain charges, including a Class X offense, but also sentencing concessions by the State. Defendant's plea was entered with the full knowledge that he could receive a sentence within the cap—that is, any sentence within the 4- to 13-year range. Defendant received a sentence two years below the maximum sentence of 13 years to which he knew he could be sentenced. Under the agreement, defendant avoided a potential punishment beyond that which he deemed to be fair and received the certainty of a lower sentencing range. The sentence imposed was within the terms of the bargain and was well within the permissible sentencing range for that offense.

¶ 46 Like the defendant in *Diaz*, defendant now seeks to retain the State's concession while freely challenging his sentence. As in *Diaz*, "by virtue of its agreement with defendant, the State 'limited its ability to argue at sentencing from the full panoply of penalties contained in the Code of Corrections.' " *Id.* at 224 (quoting *Linder*, 186 Ill. 2d at 79 (Freeman, C.J., specially concurring)). In other words, in this case, the State was foreclosed from urging the circuit court to impose a 15-year sentence. As a result, the sentence cap and plea went together as material elements of the plea bargain. Defendant has received a sentencing benefit from the

agreement not to seek a sentence above the cap and has received the certainty of a lower sentencing range. To "allow defendant to unilaterally modify his agreement under these circumstances while holding the State to its end of the bargain" would violate contract principles. *Id.*

¶ 47 Consistent with our precedent, defendant's recourse under Rule 604(d) was to seek to withdraw the plea and return the parties to the status quo as it existed prior to the acceptance of the plea. Defendant followed that course of action but failed to show the plea was not voluntary or knowing or that the granting of his motion was necessary to correct a manifest injustice. See *Evans*, 174 Ill. 2d at 332. He has now chosen to abandon any argument on appeal with respect to the withdrawal of his plea.

¶ 48 Contrary to defendant's contention, neither *Williams* nor *Wilson* requires a different conclusion here. At the outset, those cases were premised upon the "void-sentence rule"—that a sentence that was not authorized by statute was void and could be corrected at any time. *People v. Arna*, 168 Ill. 2d 107, 113 (1995). In *People v. Castleberry*, 2015 IL 116916, ¶¶ 11-18, we abolished that rule as unconstitutionally unsound.

¶ 49 We need not consider whether *Williams* and *Wilson* survive *Castleberry* because those cases are simply factually inapposite. Although, in both *Williams* and *Wilson*, we distinguished the defendants' arguments from excessive sentence challenges, the sentences imposed violated the allowable statutory penalty for the defendants' particular crime. In *Williams*, the court improperly imposed two consecutive sentences for a single offense. *Williams*, 179 Ill. 2d at 336. In *Wilson*, one of the sentences violated the statutory requirement that it be imposed consecutively and not concurrently, and another sentence exceeded the maximum authorized extended-term sentence allowable for the offense charged. *Wilson*, 181 Ill. 2d at 414.

¶ 50 In contrast, here, defendant does not contend that his sentence exceeded the permissible statutory penalty for the offense charged. Nor does defendant claim that a sentence of 11 years is unconstitutional. Rather, he seeks to enforce the "favorable" agreement while seeking reconsideration of the sentence.

¶ 51 Defendant's reliance on our decision in *People v. Heider*, 231 Ill. 2d 1 (2008), fares no better. Initially, as the State points out, the court in *Heider* was neither asked to consider nor addressed the application of Rule 604(d) to the defendant's sentencing challenge. Accordingly, *Heider* cannot be interpreted to express any view by this court as to the implications of Rule 604(d) to the circumstances of this case. Furthermore, the case was factually distinguishable where, unlike the present case, the trial court did not accept the sentence according to the recommended agreement. Rather, the defendant received a sentence more onerous than the State had recommended. Accordingly, defendant's reliance on *Heider* is misplaced.

¶ 52 Despite the nature of the plea agreement and the contract principles at issue, defendant maintains that his challenge is distinct because it implicates the integrity of the judicial system. He also contends that he is otherwise left with a Hobson's choice to accept the court's erroneous sentence or withdraw a favorable plea.

¶ 53 Again, we find the nature of defendant's challenge no different than the challenge in *Diaz* for purposes of applying Rule 604(d), where the defendant similarly argued he was denied a fair sentencing hearing because the trial court allowed improper evidence to be introduced at the hearing. Despite that fact, the defendant entered into a negotiated plea agreement to a sentence that was authorized by statute and was within the terms of the agreement. To hold

- 9 -

that under these circumstances a defendant's recourse is to seek to withdraw the plea and return the parties to the status quo does not undermine judicial integrity.

¶ 54 Nor do we find a different conclusion is warranted by the United States Supreme Court's recent decisions in *Class v. United States*, 583 U.S. ___, 138 S. Ct. 798 (2018), and *Rosales-Mireles v. United States*, 585 U.S. ___, 138 S. Ct. 1897 (2018). In *Class*, 583 U.S. at ___, 138 S. Ct. at 801-02, the Supreme Court held that a guilty plea does not "bar a criminal defendant from later appealing his conviction on the ground that the statute of conviction violates the Constitution." The claims at issue in *Class* challenged "the Government's power to criminalize [the defendant's] (admitted) conduct." *Id.* at ___, 138 S. Ct. at 805. We do not disagree that the claims at issue in *Class* are distinct, as we previously explained in *Guevara*, 216 Ill. 2d 533, where we concluded that Rule 604(d) did not bar a sentencing challenge by the defendant on direct appeal contending that the statute under which he was sentenced was facially unconstitutional and void *ab initio*.

¶ 55 *Rosales-Mireles* involved whether a federal circuit court's error in calculating a defendant's sentencing range under the federal sentencing guidelines warranted relief under the fourth prong of the federal plain-error test when raised for the first time on appeal. *Rosales-Mireles*, 585 U.S. at ___, 138 S. Ct. at 1908. Although the defendant pleaded guilty, there was no agreement as to sentencing. The facts before the Court were akin to an open plea in Illinois, which we have already explained does not implicate the same contract principles present in this case. *Id.* at ___, 138 S. Ct. at 1905. The Court was neither asked to consider nor addressed the applicability of plain-error review of the claim in relation to the type of negotiated plea agreement presented here.

¶ 56                                                  CONCLUSION

¶ 57 In sum, after considering the language of the rule and this court's precedent, we hold that a defendant who enters into a negotiated plea agreement may not challenge his sentence on the basis that the court relied on improper statutory sentencing factors. This type of sentencing challenge is an excessive sentence challenge. Under Rule 604(d), a defendant's recourse is to seek to withdraw the guilty plea and return the parties to the status quo before the plea.

¶ 58 Accordingly, the appellate court erred in addressing the merits of defendant's sentencing challenge. For the foregoing reasons, we reverse, in part, and vacate, in part, the judgment of the appellate court, which remanded for a new sentencing hearing.

¶ 59 Appellate court judgment reversed in part and vacated in part.