**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190192-U

Order filed May 5, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | Appeal Nos. 3-19-0192 and 3-19-0193 |
| v. | ) ) | Circuit Nos. 16-CF-1160 and 16-CF-1164 |
| | ) | |
| MIGUEL C. LUNA, | ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

**ORDER**

¶ 1     *Held*: The circuit court substantially complied with Illinois Supreme Court Rule 605(b) when admonishing defendant during sentencing.

¶ 2     Defendant, Miguel C. Luna, asserts the circuit court did not strictly comply with the requirements of Illinois Supreme Court Rule 605(b)(6) (eff. Oct. 1, 2001) before accepting defendant's guilty pleas and requests that this court remand the matter to the circuit court for proper admonishments. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4          In Will County case No. 16-CF-1160, the State charged defendant by indictment with

four counts of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(1), (a)(2) (West

2016)), two counts of criminal sexual assault (*id.* § 11-1.20(a)(1) and (b)(1)), two counts of

aggravated criminal sexual abuse (*id.* § 11-1.60(a)(1), (a)(2) and (g)), two counts of aggravated

battery (*id.* § 12-3.05(a)(5), (f)(2) and (h)), one count of criminal sexual abuse (*id.* § 11-

1.50(a)(1) and (d)), and one count of unlawful restraint (*id.* § 10-3(a) and (b)).

¶ 5          In Will County case No. 16-CF-1164, the State charged defendant with two counts of

aggravated criminal sexual assault (*id.* § 11-1.30(a)(1) and (d)(1)), two counts of criminal sexual

assault (*id.* § 11-1.20(a)(1) and (b)(1)), one count of aggravated criminal sexual abuse (*id.* § 11-

1.60(a)(1) and (g)), one count of criminal sexual abuse (*id.* § 11-1.50(a)(1) and (g)), and one

count of unlawful restraint (*id.* § 10-3(a) and (b)).

¶ 6          On May 16, 2018, defendant pled guilty to one count of aggravated criminal sexual

assault as alleged in case No. 16-CF-1160. On the same date, defendant also pled guilty to one

count of aggravated criminal sexual assault as charged in case No. 16-CF-1164. By agreement,

the State dismissed the remaining charges brought against defendant in case Nos. 16-CF-1160

and 16-CF-1164, as well as case No. 16-CF-1166, a separate sexual assault case, in its entirety.

¶ 7          During the guilty plea proceedings, the circuit court admonished defendant that he faced

a sentencing range of 16 to 40 years' imprisonment for both offenses, to be followed by a

mandatory supervised release term of three years to life. The court informed defendant that the

sentences were mandatorily consecutive. The court further admonished defendant that he must

register as a sex offender for the rest of his life, the State could seek to have defendant

committed as a sexually violent person after he completed his sentences, and defendant's plea

could result in his deportation, the denial of his naturalization, or both. Defendant told the circuit court that he understood the charges, the potential penalties, and his right to trial. Defendant confirmed that he entered his guilty plea of his own free will.

¶ 8  The State presented the factual basis for each guilty plea. In case No. 16-CF-1164, the prosecutor informed the circuit court that on the morning of September 6, 2015, C.C. was running on a bicycle path when defendant tackled her, punched her in the face, and pulled her off the path and into the woods. Defendant said that he had a knife, removed C.C.'s clothes, blindfolded her with her own shirt, and penetrated her vaginally and anally with his penis. C.C. estimated that the attack lasted an hour and a half.

¶ 9  With respect to the factual basis for case No. 16-CF-1160, the prosecutor stated that on the morning of May 21, 2016, J.A. was running on the same bicycle path when defendant grabbed her from behind, choked her, punched her in the face, and dragged her off the path to a secluded area behind a viaduct. Defendant said that he had a knife, removed J.A.'s clothes, covered her head with her shirt, and penetrated her vaginally with his penis and anally with his finger.

¶ 10  Defendant's DNA matched the DNA collected as part of the sexual assault kit for each victim. In addition, defendant confessed to committing both assaults.

¶ 11  On August 20, 2018, the court sentenced defendant to two consecutive 40-year imprisonment terms. The court informed defendant as follows:

> "[Y]ou do have the right to an appeal. But first you must do one of two or both of the following within the next 30 days: First, sir, within the next 30 days, you must file a written motion if you want me to allow you to withdraw your pleas of guilty.

3

If I grant that, we start all over again, which means that any case or charges that were dismissed pursuant to the plea, may be reinstated. If I deny it, you have 30 days from that date within which to file a Notice of Appeal.

The second is you can ask me to reconsider your sentence. If I grant that, I can reconsider your sentence and resentence you to anything from the minimum of arguably what is six years to the maximum, which is 80 years.

If I deny that, you have 30 days from that date of denial within which to file a Notice of Appeal. Throughout this entire process, if you're found to be indigent, an attorney will be appointed for you, transcripts will be provided for you, and the clerk's office will assist you in the preparation of the Notice of Appeal.

If you do nothing within the next 30 days, the pleas that you entered, the judgments of conviction that I have entered, as well as the sentence that I have imposed will stand."

¶ 12    On September 5, 2018, defendant filed a motion for new sentencing hearing and to reconsider his sentence in both cases. After many continuances, the hearing on defendant's motion to reconsider his sentence took place on April 11, 2019. Before addressing the motion, the court advised the parties that the court reviewed the Illinois Supreme Court's recent decision in *People v. Johnson*, 2019 IL 122956. Based on this decision, the court informed the parties that the court could address the motion to reconsider defendant's sentence, even though defendant did not seek to withdraw his guilty plea.

¶ 13    During the hearing, the court also made the following statement: "I want to make sure that the record is crystal clear that in this Court's opinion, that the plea was knowingly and

voluntarily made. There was no sort of coercion. There wasn't anything as far as any sort of misrepresentations made to the defendant in the plea." The court further asserted that, "just erring on the side of caution, if an Appellate Court would find there was some sort of consideration given in this, I am finding that the plea was knowingly and voluntarily made. And, therefore, I would deny any motion to withdraw the plea of guilty."

¶ 14 The court denied defendant's motion for a new sentencing hearing. The court also denied defendant's motion to reconsider the imposed sentence. Defendant now appeals that ruling.

¶ 15 Will County case Nos. 16-CF-1160 and 16-CF-1164 have been consolidated by this court on appeal for purposes of judicial convenience.

¶ 16                                    II. ANALYSIS

¶ 17 According to defendant's amended notice of appeal, defendant is appealing the court's order dated April 11, 2019. On appeal, defendant argues he preserved the right to appeal the court's April 11, 2019, order denying his motion for a new sentencing hearing or for the court to reconsider the imposed sentence. Importantly, in this appeal, defendant concedes he waived the right to challenge his guilty plea due to his failure to file a motion to withdraw guilty plea in accordance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). However, defendant argues waiver is excused because the circuit court failed to properly admonish defendant under Rule 605(b), that an issue not raised in a post-plea motion would be waived on appeal. Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001). Thus, defendant requests this court to remand the matter to the circuit court with directions for new Rule 605(b) admonishments. Defendant also requests this court to remand with directions for the circuit court to allow defendant to file a motion to withdraw his guilty plea and vacate the judgment.

¶ 18    The State submits that because defendant's plea was partially negotiated, Rule 604(d) required defendant to file a motion to withdraw guilty plea before filing his motion for new sentencing hearing and to reconsider his sentence in the circuit court. Accordingly, the State argues this court lacks jurisdiction to hear the instant appeal of the court's April 11, 2019, order. Alternatively, if this court has proper jurisdiction, the State submits that the circuit court substantially complied with Rule 605(b), such that this court should not grant defendant's request to remand the case. Questions of law regarding the proper application of Rule 604(d) are reviewed *de novo*. *People v. Johnson*, 2019 IL 122956, ¶ 22.

¶ 19    At the outset, we find it necessary to address the State's contention that our court lacks jurisdiction to review the circuit court's order refusing to reduce the sentence imposed. In *People v. Flowers*, 208 Ill. 2d 291, 301 (2003), our supreme court clarified that the discovery of a defendant's failure to file a timely Rule 604(d) motion does not deprive this court of jurisdiction. Rather, the failure to file a timely Rule 604(d) motion merely precludes the circuit court from considering a defendant's appeal on the merits. *Id.* In other words, if defendant is required to file a Rule 604(d) motion and fails to do so, his or her omission operates as an automatic waiver of arguments regarding the reconsideration of a sentence or the withdrawal of a guilty plea, and the appeal must be dismissed.

¶ 20    Here, we find that defendant was not required to file a Rule 604(d) motion as a prerequisite to challenging his sentence where the plea bargain between defendant and the State was silent concerning sentencing. *Johnson*, 2019 IL 122956, ¶ 31. Rule 604(d) provides "[A] negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending."

The record in this case makes clear that the State agreed to dismiss many counts, including an entire case, in exchange for defendant's plea of guilty on two counts, but reached no agreement regarding recommended sentences or the specific sentencing ranges to be imposed. Therefore, under *Johnson*, defendant's plea was non-negotiated, and defendant was not required to file a motion to withdraw his guilty plea before challenging his sentence. *Id.*, ¶¶ 31-32. Accordingly, though a defendant's failure to file a Rule 604(d) motion does not disturb the reviewing court's jurisdiction, we find it necessary to hold that our court has always had jurisdiction to review the circuit court's order denying defendant's motion for a new sentencing hearing and to reconsider sentence.

¶ 21    Yet, defendant does not challenge his sentence on appeal. Defendant challenges his guilty plea, a claim he failed to raise in his post-sentencing motion submitted to the circuit court. For this reason, defendant concedes that while he preserved his right to challenge his sentence, he waived his right to challenge his guilty plea.

¶ 22    Defendant seeks to bypass waiver by asserting that the circuit court failed to properly admonish defendant pursuant to Rule 605(b)(6) that issues not raised in his post-sentencing motion would be deemed waived. Indeed, our supreme court advised in *Flowers*, that the "[d]ismissal of an appeal based on a defendant's failure to file the requisite motions in the trial court would violate due process if the defendant did not know that filing such motions was necessary." *Flowers*, 208 Ill. 2d at 301. For this reason, Rule 605(b) "mandates that the trial court advise defendants, at the time sentence is imposed, of the procedural steps Rule 604(d) requires them to take in order to appeal. If the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the

7

motions required by Rule 604(d), the appeal is not dismissed. Instead, the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d)." *Id.*

¶ 23 Here, we agree with defendant that the circuit court did not strictly comply with the waiver provisions of Rule 605(b)(6) by reciting that subsection of the rule verbatim to defendant. The relevant portion of Rule 605(b)(6) states that a circuit court must substantially advise defendant "that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." However, both the plain language of Rule 605(b) and our supreme court precedent instruct that the circuit court must substantially advise criminal defendants of the rule. Strict compliance is not required. *People v. Dominguez*, 2012 IL 111336, ¶¶ 19, 22. Our careful review of the record confirms the State's assertion that the circuit court complied with Rule 605(b) by substantially advising defendant of the steps he must take to avoid the waiver of issues.

¶ 24 At sentencing, the court employed layman's terms to inform defendant about the necessary steps to challenge his sentence, stating, "you can ask me to reconsider your sentence. If I grant that, I can reconsider your sentence and resentence you to anything from the minimum of *** six years to the maximum, which is 80 years." In addition, the court admonished defendant that in order to challenge his conviction, rather than his sentence, defendant was required to file a written motion within 30 days if he wanted to withdraw his guilty plea, saying, "[W]ithin the next 30 days, you must file a written motion if you want me to allow you to withdraw your pleas of guilty." The court informed defendant that, if the court granted the motion, the process "start[s] all over again, which means that any case or charges that were dismissed pursuant to the plea, may be reinstated. If I deny it, you have 30 days from that date

within which to file a Notice of Appeal." Finally, the court told defendant about the consequences of failing to file any posttrial motion within 30 days, stating, "[i]f you do nothing within the next 30 days, the pleas that you entered, the judgments of conviction that I have entered, as well as the sentence that I have imposed will stand."

¶ 25    The record reveals that the circuit court did not rush through or gloss over the topics addressed by Rule 605(b). Rather, in a conversational fashion, the circuit court explained the concept of the waiver of errors by omission and/or inaction. The circuit court expressly stated, in simple terms, that the convictions from the "pleas that you entered" and the sentences the court imposed would "stand" if defendant did nothing within 30 days. For these reasons, the circuit court substantially advised defendant of the provisions of Rule 605(b). Thus, we honor defendant's waiver of his ability to challenge his guilty plea on appeal.

¶ 26    Lastly, even assuming for the purpose of argument that the court did not substantially comply with Rule 605(b)(6), defendant cannot claim he suffered prejudice as a result of any admonishment error. See *People v. Crump*, 344 Ill. App. 3d 558, 563 (2003). Defendant indirectly claims that were he able to challenge his guilty plea, he would contest the voluntariness of his guilty plea based on deficient admonishments on the collateral consequences of pleading guilty. 725 ILCS 5/113-4(c) (West 2016). However, our supreme court recently instructed in *People v. Burge*, 2021 IL 125642, ¶ 32 that section 113-4(c) admonishments apply only to cases where defendants plead guilty at arraignment. Because defendant did not plead guilty at arraignment in the instant case, the circuit court was not required to read section 113-4 admonishments to defendant.

¶ 27    Moreover, before ruling on defendant's motion to reconsider sentence, the court preemptively ruled on the voluntariness of defendant's original guilty plea. The court explicitly

found that defendant's plea was made knowingly and voluntarily, such that the court "would deny any motion to withdraw the plea of guilty."

¶ 28 Based on our careful review of the record, we agree with the State's position that the circuit court substantially complied with the requirements of Rule 605(b). Further, defendant has not attributed any prejudice to the purported deficiencies in the admonishments where the admonishments did not strictly mirror the language of the rule. It is important to remember that this is an appeal from the denial of a request for a new sentencing hearing or reduction of defendant's sentence. Yet, defendant has not presented an argument challenging the sentencing order that is the subject of this appeal. Therefore, the circuit court's order denying the motion for a new sentencing hearing or to reconsider defendant's sentence is affirmed.

¶ 29                                III. CONCLUSION

¶ 30 The judgment of the circuit court of Will County is affirmed.

¶ 31 Affirmed.