NOTICE

Decision filed 01/13/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240234-U

NO. 5-24-0234

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 23-CF-148 |
| | ) | |
| JOHN P. CHAPMAN, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1 *Held*: The circuit court did not err in denying the defendant's motion for an order *nunc pro tunc* requesting additional sentencing credit for time served. The defendant is bound by the terms of his negotiated plea agreement, and has waived his sentencing credit claim. Furthermore, he did not attempt to withdraw his guilty plea, which he entered knowingly and voluntarily. As any arguments to the contrary would lack merit, we grant the defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2 Defendant John P. Chapman pled guilty to possession of methamphetamine and was sentenced to four years in the Illinois Department of Corrections (IDOC), with credit for time served. He appeals from the denial of his motion for an order *nunc pro tunc*. Chapman's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit. On that basis, OSAD has filed a motion to withdraw as counsel

1

pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support of that motion.

¶ 3    OSAD gave proper notice to the defendant. This court gave Chapman an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit, but he has not done so. This court has examined OSAD's *Finley* motion and the accompanying memorandum of law, as well as the entire record on appeal, and has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 4                                          BACKGROUND

¶ 5    On May 18, 2023, Chapman pled guilty to one count of possession of methamphetamine. Pursuant to the plea agreement, he was sentenced to four years in IDOC and received credit for time served from January 14, 2023, to May 18, 2023. The transcript shows that no other credit was mentioned or discussed by any of the parties during the plea hearing.

¶ 6    The court explained to Chapman that he was pleading guilty to unlawful possession of methamphetamine, a Class 1 felony, and read the allegations against him. Chapman confirmed that he understood, and wished to plead guilty. The court also admonished him on his rights if he persisted in a plea of not guilty, and explained that he would be giving up those rights by entering into the negotiated plea. Chapman again confirmed that he understood.

¶ 7    The court then stated that the sentencing range for a Class 1 felony was between 4 and 15 years in IDOC, or an extended range of 15 to 30 years if he had a prior Class 1 felony in the past 10 years, as well as a year of mandatory supervised release upon release from prison. The court further explained that for every day he spent in custody, he would receive a day's credit toward

his sentence. The court also explained the terms of probation and conditional discharge. Chapman stated that he understood the range of penalties.

¶ 8    The court then heard and accepted the State's factual basis. Defense counsel stipulated that the factual basis would substantially be the evidence that the State could produce at trial. Chapman confirmed that he was not entering into the plea agreement due to any threats, force, or promises made beyond the record. He also stated that his plea was free and voluntary, and that he had had the opportunity to speak with his attorney about the plea and the consequences of pleading guilty.

¶ 9    The court found that the plea was knowingly and voluntarily made, and that there was a sufficient factual basis to enter into a plea of guilty. It accepted the plea, and admonished Chapman on his right to appeal and the steps necessary to perfect an appeal from a judgment entered on a negotiated guilty plea.

¶ 10    On December 18, 2023, Chapman filed a motion for an order *nunc pro tunc*, arguing that the mittimus failed to correctly reflect the time he spent in pretrial custody. He argued that pursuant to sections 3-6-3 and 5-4.5-100 of the Unified Code of Corrections (730 ILCS 5/3-6-3, 5-4.5-100 (West 2022)) he was entitled to 260 days of presentence credit. The circuit court denied his motion on January 5, 2024, finding that a review of the clerk's records indicated that the mittimus properly reflected the time Chapman served in the county jail prior to his commitment to IDOC.

¶ 11    Chapman sent a letter to the court dated January 15, 2024, and file stamped by the circuit clerk on February 1, 2024, in which he explained that he pled guilty in Greene County case No. 17-CF-72 on October 12, 2023. In exchange, he received a three-year sentence, to be served concurrently with his four-year sentence in the instant case. He further explained that he was awarded 495 days' credit for time spent in custody in the Greene County case. Chapman asked that the circuit court adjust his sentencing credit in the instant case to include an additional 229

3

days' credit. He attached a copy of his mittimus in the Greene County case, which indicated a conviction for driving with a suspended license with a three-year sentence to be served concurrently with his four-year sentence in the instant case. The mittimus also indicated that Chapman had 495 days of sentencing credit. No action was taken in response to the letter.

¶ 12    Chapman filed a notice of appeal on February 12, 2024, challenging the court's denial of his motion for an order *nunc pro tunc*. OSAD was appointed to represent him, and now moves to withdraw as appellate counsel.

¶ 13                                      ANALYSIS

¶ 14    OSAD argues that dismissal of Chapman's motion was proper, and there are no meritorious arguments to the contrary. In the memorandum supporting its *Finley* motion to withdraw as counsel, OSAD states that it considered raising the following issues on Chapman's behalf:

> (1) Whether the denial of Chapman's motion for an order *nunc pro tunc* was in error because Chapman was due additional credit for time served; and

> (2) Whether Chapman can challenge the voluntariness of his guilty plea to overcome the terms of the plea agreement.

However, OSAD concludes that these challenges to the circuit court's ruling lack arguable merit. As we agree with counsel's assessment that there is no meritorious basis for this appeal, we grant OSAD leave to withdraw.

¶ 15    As an initial note, we agree with OSAD that a motion for an order *nunc pro tunc* was a proper vehicle through which to seek additional credit for time served once the circuit court had otherwise lost jurisdiction. See Ill. S. Ct. R. 472(a)(3) (eff. Feb. 1, 2024) (court retains jurisdiction in criminal cases to correct certain sentencing errors, including errors in calculating presentence custody credit). Chapman did not invoke Rule 472's jurisdictional exception in his motion, instead

4

asking the court to correct a clerical error *nunc pro tunc*. See *O'Gara v. O'Gara*, 2022 IL App (1st) 210013, ¶ 38 (purpose of *nunc pro tunc* order is to correct clerical errors in written orders).

¶ 16    However, our supreme court has allowed for a defendant's motion for an order *nunc pro tunc* to go forward in a similar situation, where the defendant sought additional sentence credit without invoking Rule 472. *People v. Wells*, 2024 IL 129402, ¶ 16. The court in *Wells* found that, despite the defendant filing his motion as a request for a *nunc pro tunc* order, the substance of his motion was "consistent with the remedy available in Rule 472." *Id.* Therefore, we find that Chapman's similarly-styled motion may be also interpreted, based on its substance, as a motion pursuant to Rule 472.

¶ 17                    A. Denial of Motion for an Order *Nunc Pro Tunc*

¶ 18    Whether a defendant's mittimus should be corrected is a purely legal question, which we review *de novo*. *People v. Carlisle*, 2015 IL App (1st) 131144, ¶ 86.

¶ 19    Pursuant to the negotiated plea agreement, Chapman received a four-year sentence and was awarded day-for-day credit from January 14, 2023, to May 18, 2023, in the amount of 124 days, for time spent in pretrial custody. In his motion, Chapman argued that he was entitled to 260 days' worth of credits for the actual time spent in pretrial custody. According to the letter he wrote to the circuit court, he based this number on the sentence he received in an earlier case in Greene County for driving on a suspended license. According to the mittimus from that case, he was sentenced to 3 years in IDOC, to be served concurrent to the instant sentence, and he received 495 days of sentencing credit. Chapman did not explain how this prior sentence impacted the instance sentence or sentencing credit, nor how he arrived at the 260-day figure.

¶ 20    Regardless of his reasoning, we find that Chapman has waived all nonjurisdictional claims of error by entering a plea agreement. *People v. Jones*, 2021 IL 126432, ¶ 20 ("By entering a plea

5

agreement, a defendant forecloses any claim of error. It is well established that a voluntary guilty plea waives all non-jurisdictional errors or irregularities, *including constitutional ones*." (Emphasis in original and internal quotation marks omitted.)). Thus, even if the circuit court erred in ordering credit days from January 14, 2023, to May 18, 2023, these were the days specified in the plea agreement, and Chapman has waived any challenge to the accuracy of their calculation by pleading guilty. See *Wells*, 2024 IL 129402, ¶¶ 23-24.

¶ 21    In *Wells*, our supreme court applied the four-corners rule of contract interpretation in rejecting the defendant's argument that he was entitled to additional sentencing credit not reflected in his negotiated plea agreement. *Id.* ¶¶ 23-24. The court held that "where a fully negotiated plea deal represents a complete and final expression of the parties' agreement, a presumption arises that every material right and obligation is included and neither party may unilaterally seek modification of the agreement." *Id.* ¶ 24. As there was no ambiguity in what the parties intended the sentence and credits to be, the parties were bound by the terms of the written agreement; it was presumed that the parties intended for the defendant to receive exactly the number of credit days clearly and unambiguously stated in the agreement. *Id.*

¶ 22    Similarly, here, the 124 days' credit was unambiguously part of the negotiated plea agreement. Defense counsel stated on the record at the May 18, 2023, hearing that Chapman "has credit for time served from January 14, 2023[,] to the present." Counsel further stated that this was for time served at the Granite City Police Department and the Madison County Sheriff's Department, and that this represented the negotiations with the assistant state's attorney. The court entered judgment reflecting the parties' agreed-upon sentencing credit.

¶ 23    Therefore, we find that Chapman has waived any challenge to the amount of sentence credit ordered by the court, and any argument to the contrary would lack merit.

6

¶ 24                                B. Voluntariness of Guilty Plea

¶ 25    OSAD also considered whether Chapman could overcome the fact that he is bound by the terms of his plea agreement by arguing that it was not made voluntarily and with full knowledge of the consequences. See *Wells*, 2024 IL 129402, ¶ 27. A defendant may not unilaterally seek to modify the sentencing terms of his negotiated plea agreement. *Id.*; see also *People v. Johnson*, 2019 IL 122956, ¶¶ 26-27.

¶ 26    In *People v. Johnson*, our supreme court applied contract law principles to explain why a defendant who enters into a negotiated plea agreement cannot challenge his sentence without first filing a timely motion to withdraw his plea, as codified in Rule 604(d). *Johnson*, 2019 IL 122956, ¶¶ 26-28; Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). In a negotiated plea, the defendant agrees to plead guilty in exchange for the State's agreement to recommend a specific sentence, thus foreclosing the State from pursuing the full range of penalties available under law. *Johnson*, 2019 IL 122956, ¶¶ 26-27, 31. Therefore, the court determined that if the defendant were allowed to challenge the sentence while maintaining his plea, he would be unfairly binding the State to the terms of the plea agreement while he himself could modify or avoid those terms. *Id.* ¶ 28 (citing *People v. Linder*, 186 Ill. 2d 67 (1999)).

¶ 27    A defendant does not have an absolute right to withdraw his guilty plea. *People v. Hughes*, 2012 IL 112817, ¶ 32. Rather, "he must show a manifest injustice under the facts involved." *Id.* In seeking relief from a guilty plea, a defendant may raise a constitutional challenge by arguing that the plea was not made voluntarily and with full knowledge of the consequences. *People v. Whitfield*, 217 Ill. 2d 177, 183 (2005).

¶ 28    Here, Chapman never sought to withdraw his guilty plea, whether by challenging its voluntariness or otherwise. He did not address the plea in his notice of appeal, raising only the

sentencing credit issue. Nothing else in the record indicates that Chapman ever intended to withdraw his plea. Therefore, even if a meritorious basis existed for such argument, Chapman's failure to file a timely motion to withdraw his guilty plea precludes us from considering the appeal on the merits. See *People v. Merriweather*, 2013 IL App (1st) 113789, ¶ 14 (Rule 604(d)'s procedural requirements are a "condition precedent" for an appeal from a guilty plea).

¶ 29    Furthermore, the record shows that the circuit court fully admonished Chapman on the rights he would be waiving if he pled guilty, on the nature of the charge against him and the offense to which he was pleading guilty, on the agreed-upon sentence, and on his right to appeal. Chapman stated that he understood each point that the court explained, and further confirmed that his plea was free and voluntary, and was not procured by threat, force, or outside promises.

¶ 30    Therefore, we find that there is no meritorious basis for arguing for additional sentencing credit by challenging the voluntariness of the plea.

¶ 31                                   CONCLUSION

¶ 32    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 33    Motion granted; judgment affirmed.