NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180013-U

NO. 4-18-0013

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 29, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| ERIC K. NOBLE, | ) | No. 16CF728 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Robert K. Adrian, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Steigmann and Justice Turner concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court dismissed the appeal because defendant did not withdraw his guilty plea before attempting to challenge his sentence as excessive, as required by Illinois Supreme Court Rule 604(d).

¶ 2   Defendant, Eric K. Noble, entered a negotiated plea of guilty to the offense of aggravated domestic battery in exchange for, in relevant part, the State's promise to cap its sentencing recommendation at nine years' imprisonment. At sentencing, the State recommended a nine-year sentence, which the trial court ultimately imposed. Defendant appeals, arguing his federal due process rights were violated by the court's reliance on an improper aggravating factor. Pursuant to our supreme court's recent holding in *People v. Johnson*, 2019 IL 122956, ¶¶ 1, 57, 129 N.E.3d 1239, we must dismiss defendant's appeal, as he has failed to comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 3                                  I. BACKGROUND

¶ 4                                     A. Charges

¶ 5        The State charged defendant by information with aggravated domestic battery

(count I) (720 ILCS 5/12-3.3(a-5) (West 2014)), aggravated battery (count II) (*id.* § 12-

3.05(d)(2)), and attempt (first degree murder) (count III) (*id.* § 8-4(a)). All three counts alleged

"that [defendant] choked [the victim] by placing his hands around her neck, knowing [the victim]

to be pregnant ***."

¶ 6                            B. Negotiated Plea Agreement

¶ 7        Defendant pleaded guilty to count I—aggravated domestic battery—in exchange

for the State's promise to, among other things, dismiss the remaining charges and cap its

sentencing recommendation at nine years' imprisonment. Prior to accepting defendant's plea, the

trial court admonished him that count I carried with it a statutory sentencing range from 3 to 14

years in prison.

¶ 8                              C. Postplea Proceedings

¶ 9        Defendant timely filed a motion to withdraw his guilty plea. He alleged his plea

was invalid because the day before he entered it, he had "refused and did not receive his late

evening dose of" a prescribed mood stabilizer. At the hearing on defendant's motion, the

following exchange occurred between defendant and the trial court:

        "THE COURT: The court has considered the evidence and the arguments

        of Counsel. The court would deny the [d]efendant's motion to withdraw his plea.

        [Defendant] is obviously lying to the [c]ourt when he gets up here and

        testifies that he doesn't remember. [Defendant] seems to remember whether or not

        he took medication on the day when he doesn't remember whether or not he took

the plea. He—you can go ahead and take him back there. He knows where he's going.

DEFENDANT: Yeah, I know. You're racist. That's what the f*** you is. That's what the f*** it is. You're a racist.

THE COURT: You can take him out. Your motion is denied.

DEFENDANT: F*** you.

* * *

THE COURT: Okay. [Defendant] should be advised *** that his comments in this courtroom today will certainly be considered in the sentencing hearing. And I'm going to direct the [court] reporter to provide, if she took down, provide the transcript of what was said as [defendant] was walking out of the courtroom and provide that to the [d]efendant and put that in the record because the [c]ourt will certainly make note and will use that as consideration in the sentencing."

¶ 10                           D. Sentencing Hearing

¶ 11        In imposing a nine-year prison sentence, the trial court stated the following to defendant at the sentencing hearing:

"THE COURT:            * * *

The court would note that your record also shows, and although you apologized to the court today, and the court accepts your apology for that. You have shown disrespect to this court, and the court would note other courts which, because the court is aware of your sentencing in the last case, where you showed disrespect to that court, and also you have at least two violations of order[s] of

protection[], which means there were court orders that you violated. So that shows disrespect to the court and disrespect to the law.

\* \* \*

The court notes that you got a negotiation which cut down on the cap for your sentence in this case. It is a cap of nine years.

\* \* \*

The court is going to sentence you to nine years in the [D]epartment of [C]orrections on this case. It is an [85%] sentence by law. It will be followed by four years of mandatory supervised release."

¶ 12                                      E. Postsentencing Proceedings

¶ 13        Defendant filed a motion to reconsider his sentence, raising an excessive-sentence claim, which the trial court denied. Defendant did not file a motion to withdraw his plea following his sentencing.

¶ 14        This appeal followed.

¶ 15                                            II. ANALYSIS

¶ 16        On appeal, defendant argues the trial court violated his federal due process rights by denying him both the benefit of his plea bargain and a fair sentencing hearing, "when the court sentenced him to the maximum sentence due to its treating of his behavior in court as an improper factor in aggravation." The State responds by asserting the requirements of Rule 604(d) prevent us from reaching the merits of defendant's appeal. The proper application of Rule 604(d) is reviewed *de novo*. *Johnson*, 2019 IL 122956, ¶ 22.

¶ 17                              A. Illinois Supreme Court Rule 604(d)

¶ 18    Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), governs the procedure criminal defendants must follow when challenging a judgment entered upon a plea of guilty. It provides, in relevant part:

> "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

The timely filing of a Rule 604(d) motion "is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01, 802 N.E.2d 1174, 1180 (2003). Failure to comply with the rule does not deprive this court of jurisdiction, but it does preclude us from considering the appeal on the merits, which requires dismissal. *Id.*

¶ 19    The rationale underlying the Rule 604(d) filing requirement is premised on "the nature of the plea agreement" and "the application of contract law principles." *Johnson*, 2019 IL 122956, ¶ 27. When a plea agreement includes sentencing concessions by the State, "the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain." *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996). As such, our supreme court has held that it would violate principles of contract law to allow a defendant to attempt to unilaterally modify the bargained-for sentence, while simultaneously holding the State to its end of the

bargain. *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999). In other words, "[b]y agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds it is excessive." *Id.*

¶ 20                             B. Our Supreme Court's Holding in *Johnson*

¶ 21          Recently, our supreme court resolved a split in authority in the appellate court over the issue of "whether a defendant who enters into a negotiated plea agreement may challenge a sentence that conforms to the plea agreement, on the ground that the trial court relied on improper aggravating factors, without withdrawing his guilty plea under [Rule 604(d)]." *Johnson*, 2019 IL 122956, ¶ 1. Answering this question in the negative, the supreme court rejected the defendant's attempt to distinguish his claim from an excessive-sentence claim, on the basis that "his challenge is one of constitutional dimension that implicates due process and fundamental fairness." *Id.* ¶ 36. The court found the argument "to be a distinction without a difference for purposes of Rule 604(d)" (*id.* ¶ 41):

> "[W]hen a defendant contends the court improperly
> considered a statutory aggravating factor that was implicit in the
> offense, the defendant is asserting that the court imposed a harsher
> sentence than might otherwise have been imposed had the court
> not considered the improper statutory factor. [Citation.]
>
> Thus, defendant's argument is essentially that, had the trial
> court not erred in its application of the statute and had it not
> erroneously considered those statutory factors, he would have
> gotten a lower sentence than the 11-year sentence that was

imposed. Stated another way, defendant contends the court imposed an excessive sentence." (Internal quotation marks omitted.) *Id.* ¶¶ 38-39.

To hold otherwise, the court reasoned, "would result in making Rule 604(d)'s requirements superfluous" by "allow[ing] almost every sentencing challenge in a criminal case to be restated in a constitutional due process framework as a way to avoid the rule." *Id.* ¶ 41. The court further found that, where "the defendant entered into a negotiated plea agreement to a sentence that was authorized by statute and was within the terms of the agreement[,]" it "does not undermine judicial integrity" to hold that the "defendant's recourse is to seek to withdraw the plea and return the parties to the status quo ***." *Id.* ¶ 53.

¶ 22     The *Johnson* court concluded by stating "we hold that a defendant who enters into a negotiated plea agreement may not challenge his sentence on the basis that the court relied on improper statutory sentencing factors. This type of sentencing challenge is an excessive sentence challenge. Under Rule 604(d), a defendant's recourse is to seek to withdraw the guilty plea and return the parties to the status quo before the plea." *Id.* ¶ 57.

¶ 23                    C. Rule 604(d) Precludes
                Consideration of the Merits of Defendant's Appeal

¶ 24     The instant case closely resembles *Johnson*. Here, defendant moved to withdraw his guilty plea but was unsuccessful. On appeal, defendant has abandoned any argument that his request to withdraw his guilty plea was erroneously denied. Instead, he argues the trial court "sentenced him to the maximum sentence [under the negotiated plea] due to its treating of his behavior in court as an improper factor in aggravation." According to *Johnson*, this is essentially an excessive sentence challenge which is not allowed under the circumstances.

¶ 25 Defendant attempts to skirt the holding in *Johnson* by arguing "[t]he trial court altered the terms of [his] plea agreement by considering an improper factor at sentencing, which denied [him] the benefit of his bargain where he did not waive his constitutional rights to a fair sentencing hearing and violated his federal due process rights." Defendant goes on to claim "[t]he term of the plea agreement altered by the trial court was [defendant's] understanding that he would be sentenced based on proper sentencing factors."

¶ 26 We find defendant's argument to be without merit. Indeed, according to defendant's theory, in any case involving a negotiated guilty plea, if a trial court were to err in its consideration of a factor in aggravation, it would constitute an error of constitutional magnitude as it would have "altered the terms of [the defendant's] plea agreement"—because "he did not waive his constitutional rights to a fair sentencing hearing"—thus, denying the defendant the benefit of his bargain. Defendant has not cited to any authority supporting his theory that a court's error in sentencing as described is tantamount to an alteration of the terms of a plea agreement. We decline to so find.

¶ 27 Here, where defendant was sentenced according to a negotiated plea agreement, his only recourse was to move to withdraw his guilty plea pursuant to Rule 604(d). He was unsuccessful in doing so and has abandoned any claim of error in that regard. The claim he makes on appeal is an excessive sentence claim which is not allowed according to *Johnson*.

¶ 28                                    III. CONCLUSION

¶ 29 For the reasons stated, we dismiss the appeal.

¶ 30 Appeal dismissed.