NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180828-U

NO. 4-18-0828

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 7, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| DUSTIN SULLIVAN, | ) | No. 18CF10 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer Hartmann |
| | ) | Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court dismissed the appeal because defendant did not move to
withdraw his guilty plea before attempting to challenge his sentence as excessive,
as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2        Defendant, Dustin Sullivan, entered a negotiated plea of guilty to the offense of

aggravated battery in exchange for the State's promise to cap its sentencing recommendation at

20 years' imprisonment. At sentencing, the State recommended a 20-year sentence, which the

trial court ultimately imposed.

¶ 3        Defendant appeals, arguing his federal due process rights were violated by the

court's reliance on an improper aggravating factor and failure to consider a mitigating factor.

Pursuant to our supreme court's recent holding in *People v. Johnson*, 2019 IL 122956, ¶¶ 1, 57,

129 N.E.3d 1239, we must dismiss defendant's appeal, as he failed to comply with the requirements of Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 4                                I. BACKGROUND

¶ 5                                  A. Charges

¶ 6          In January 2018, the State charged defendant by information with two counts of aggravated battery (720 ILCS 5/12-3.05(b)(1) (West 2016)), alleging defendant knowingly caused great bodily harm to B.A.K., a child under 13 years of age, in that he "struck B.A.K. about the head causing a skull fracture and subdural and subarachnoid hemorrhages," and "constricted the body of B.A.K. so as to cause fractures to [her] ribs."

¶ 7                         B. Negotiated Plea Agreement

¶ 8          In July 2018, defendant pleaded guilty to both counts in exchange for the State's promise to cap its sentencing recommendation at 20 years' imprisonment. Prior to accepting defendant's plea, the trial court admonished him that the charges carried a statutory sentencing range from 6 to 30 years in prison.

¶ 9                            C. Sentencing Hearing

¶ 10         On November 5, 2018, at defendant's sentencing hearing, the trial court stated the following, in relevant part:

          "And so when I consider the aggravating factors in this case, one of them
          is the seriousness of the offense and also the harm that was caused. And here it's
          about *** as serious as it can get. It's about as bad as it can get. We do see
          aggravated batteries that are unfortunate of people getting stabbed or shot ***.
          But when you can't recover and when you are just a young, little baby doing what

babies do, *** it just doesn't get a whole lot worse than that in terms of an aggravated battery, which is the charge that you're being sentenced on today.

* * *

And I think deterrence is very, very strong. And of course you were in a position of trust, which is a factor in aggravation.

I don't think the age is a factor I can consider in aggravation as it's a part of the offense so I'm not considering [B.A.K.'s] age. But I do believe that she, that you held obviously a position of trust when you have just a helpless little—I think she was two months at the time, somewhere around there—baby, helpless really. So there are strong aggravating factors in this case.

I'm looking at the mitigating factors; and I understand what [defense counsel] has argued ***. But in this particular case, I just don't see any mitigating factors that stand out. I don't think the most important thing in this case is rehabilitation. I think that that is, of course, something that the Court must consider. But I don't think it's the number one consideration under the very unfortunate and unique circumstances of this case.

So when I look at everything here, I really believe, and I do look at every case on its own merits; and I think the State's recommendation is reasonable in this case."

¶ 11 The trial court sentenced defendant to 20 years' imprisonment. The court also admonished defendant, explaining that, in order to appeal, he "must file in this court within 30 days of today's date a written motion asking to have the Court reconsider the sentence or to have

- 3 -

the judgment vacated and for leave to withdraw [his] plea of guilty setting forth [his] grounds for the motion."

¶ 12                                    D. Postsentencing Proceedings

¶ 13        On November 29, 2018, defendant filed a motion to reconsider his sentence, raising an excessive-sentence claim, which the trial court denied. Defendant did not file a motion to withdraw his guilty plea following his sentence.

¶ 14        This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16        On appeal, defendant argues the trial court violated his federal due process rights by denying him both the benefit of his plea bargain and a fair sentencing hearing, "when the court improperly considered a factor inherent in the offense, and failed to consider any statutory mitigating factors." Specifically, defendant contends "[t]he court erred by considering the extent of harm *** because great bodily harm is one of the elements required for the State to convict him of aggravated battery of a child." The State responds by asserting defendant's failure to satisfy the requirements of Rule 604(d) prevents us from reaching the merits of defendant's appeal. The proper application of Rule 604(d) is reviewed *de novo*. *Johnson*, 2019 IL 122956, ¶ 22.

¶ 17                          A. Illinois Supreme Court Rule 604(d)

¶ 18        Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) governs the procedure criminal defendants must follow when challenging a judgment entered upon a plea of guilty. It provides, in relevant part:

        "No appeal shall be taken upon a negotiated plea of guilty

        challenging the sentence as excessive unless the defendant, within

30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

The timely filing of a Rule 604(d) motion "is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01, 802 N.E.2d 1174, 1180 (2003). A defendant's failure to comply with the rule does not deprive this court of jurisdiction, but it does preclude us from considering the appeal on the merits, which requires dismissal. *Id.*

¶ 19 The rationale underlying the Rule 604(d) filing requirement is premised on "the nature of the plea agreement" and "the application of contract law principles." *Johnson*, 2019 IL 122956, ¶ 27. When a plea agreement includes sentencing concessions by the State, "the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain." *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996). As such, our supreme court has held that it would violate principles of contract law to allow a defendant to attempt to unilaterally modify the bargained-for sentence, while simultaneously holding the State to its end of the bargain. *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999). In other words, "[b]y agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds it is excessive." *Id.*

¶ 20 B. Our Supreme Court's Holding in *Johnson*

- 5 -

¶ 21        Recently, our supreme court resolved a split in authority in the appellate court over the issue of "whether a defendant who enters into a negotiated plea agreement may challenge a sentence that conforms to the plea agreement, on the ground that the trial court relied on improper aggravating factors, without withdrawing his guilty plea under [Rule 604(d)]." *Johnson*, 2019 IL 122956, ¶ 1. Answering this question in the negative, the supreme court rejected the defendant's attempt to distinguish his claim from an excessive sentence claim on the basis that "his challenge is one of constitutional dimension that implicates due process and fundamental fairness." *Id.* ¶ 36. The court found the argument "to be a distinction without a difference for purposes of Rule 604(d)." *Id.* ¶ 41.

> "[W]hen a defendant contends the court improperly considered a statutory aggravating factor that was implicit in the offense, the defendant is asserting that the court imposed a harsher sentence than might otherwise have been imposed had the court not considered the improper statutory factor. [Citation.]
>
> Thus, defendant's argument is essentially that, had the trial court not erred in its application of the statute and had it not erroneously considered those statutory factors, he would have gotten a lower sentence than the 11-year sentence that was imposed. Stated another way, defendant contends the court imposed an excessive sentence." (Internal quotation marks omitted.) *Id.* ¶¶ 38-39.

To hold otherwise, the court reasoned, "would result in making Rule 604(d)'s requirements superfluous" by "allow[ing] almost every sentencing challenge in a criminal case to be restated

in a constitutional due process framework as a way to avoid the rule." *Id.* ¶ 41. The court further found that, where "the defendant entered into a negotiated plea agreement to a sentence that was authorized by statute and was within the terms of the agreement[,]" it "does not undermine judicial integrity" to hold that the "defendant's recourse is to seek to withdraw the plea and return the parties to the status quo ***." *Id.* ¶ 53.

¶ 22    The *Johnson* court concluded by stating, "we hold that a defendant who enters into a negotiated plea agreement may not challenge his sentence on the basis that the court relied on improper statutory sentencing factors. This type of sentencing challenge is an excessive sentence challenge. Under Rule 604(d), a defendant's recourse is to seek to withdraw the guilty plea and return the parties to the status quo before the plea." *Id.* ¶ 57.

¶ 23    C. Rule 604(d) Precludes Consideration of the Merits of Defendant's Appeal

¶ 24    Here, defendant attempts to skirt the holding in *Johnson* by arguing "the trial court altered the terms of his plea agreement by denying [him] the benefit of his bargain where he did not agree to waive his constitutional right to a fair sentencing hearing, and thus violated his federal due process rights." Defendant goes on to claim that he "was not sentenced in accordance with the terms of the plea agreement when the trial court sentenced him based on improper sentencing factors."

¶ 25    However, like the defendant in *Johnson*, defendant in the instant case entered into a negotiated guilty plea, the trial court sentenced him within the range contemplated by the plea agreement, and defendant now maintains on appeal that the trial court relied on an improper sentencing factor. As discussed above, our supreme court has rejected this argument where a defendant enters into a negotiated plea agreement and later attempts to challenge his sentence based on the trial court's allegedly improper consideration of sentencing factors. See *id.* Further,

the supreme court in *Johnson* stated that "[u]nder Rule 604(d), a defendant's recourse is to seek to withdraw the guilty plea and return the parties to the status quo before the plea." *Id.*; see also Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 26 Accordingly, where defendant was sentenced pursuant to a negotiated plea agreement, his only recourse was to move to withdraw his guilty plea, as required under Rule 604(d). He failed to do so, and pursuant to *Johnson*, we may not consider on appeal defendant's claim that the trial court relied on an improper sentencing factor when it sentenced him. The claim he makes on appeal is an excessive sentence claim which is not allowed according to *Johnson*.

¶ 27                                   III. CONCLUSION

¶ 28 For the reasons stated, we dismiss the appeal.

¶ 29 Appeal dismissed.