2021 IL App (4th) 200515

NO. 4-20-0515

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JACOB D. ROBINSON, | ) | No. 18CF361 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court, with opinion.
Justices Holder White and Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1        In December 2018, the State charged defendant, Jacob D. Robinson, with two counts of aggravated driving under the influence of alcohol (DUI), one count of driving while his driver's license was revoked, and other petty traffic offenses. In October 2019, defendant pleaded guilty to all counts, and the State agreed to cap its sentencing recommendation at 18 years in the Illinois Department of Corrections (DOC). In December 2019, the trial court sentenced defendant to 20 years in DOC on count I of the aggravated DUI charge, merging count II with count I and entering convictions on the other traffic offenses.

¶ 2        On appeal, defendant argues (1) the trial court's 20-year sentence was excessive and (2) the trial court erred in sentencing by relying on improper factors before sentencing defendant. For the reasons set forth below, we dismiss this appeal.

¶ 3                                    I. BACKGROUND

¶ 4            In December 2018, the State charged defendant by information with two counts of aggravated DUI (625 ILCS 5/11-501(d)(1)(A) (West 2018)). Both counts were charged as Class 2 felonies based on defendant's prior DUI convictions (625 ILCS 5/11-501(d)(2)(C) (West 2018)), and defendant was subject to Class X sentencing on these counts due to his prior criminal record (730 ILCS 5/5-4.5-95(b) (West 2018)). Defendant was also charged with driving while license revoked, a Class A misdemeanor (625 ILCS 5/6-303(a) (West 2018)), and other petty traffic tickets.

¶ 5            In October 2019, defendant pleaded guilty to all of the counts in exchange for the State's agreement to recommend a sentence no greater than 18 years in DOC. By the time of the plea, defendant was aware he was otherwise subject to mandatory Class X sentencing. After hearing the terms of the plea, the following colloquy occurred during the trial court's Rule 402 admonishments (Ill. S. Ct. R. 402 (eff. July 1, 2012)):

                "THE COURT: Now, you have a very limited agreement

        with the State. It sounds like their agreement is that they would cap

        their recommendation to 18 years. Do you understand that?

                THE DEFENDANT: Yes, Your Honor.

                THE COURT: And you are aware that the Court is not bound

        by that cap or that recommendation. So it is possible in this case

        since you are mandatory Class X sentencing on Counts 1 and 2 that

        you could be sentenced to up to 30 years in the Illinois [DOC].

                Do you understand that?

                THE DEFENDANT: Yes, Your Honor.

- 2 -

THE COURT: And it is a minimum six years so you could get more than 18 years. You can get less than 18 years, but it's going to be somewhere between six and 30.

THE DEFENDANT: Yes, Your Honor."

¶ 6 At the sentencing hearing in December 2019, neither the State nor defendant offered any evidence, electing instead to rely on the contents of the presentence investigation report. The State argued for a sentence of 18 years in accordance with the plea agreement, pointing to defendant's "severe risk" to the community. Defendant, pointing to his mental and medical health issues, alcoholism, and sense of remorse, recommended the minimum sentence of six years. The trial court sentenced defendant to 20 years on count I, merged count I with count II, and entered a conviction on the other traffic offenses. The trial court's appeal rights admonishment included the following:

"[p]rior to taking an appeal, you must file in this court within 30 days of today's date a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw your plea of guilty setting forth your grounds for the motion."

Although this admonishment does not comport with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) (setting forth admonitions a defendant must substantially receive upon a negotiated plea of guilty), it is not raised as an issue on appeal, and the deficiencies contained therein do not affect the outcome of this case. Further, at the later motion to reconsider his sentence, defendant's counsel, in response to an inquiry by the trial court, confirmed, incorrectly, that proper Rule 605(c) admonishments had been given.

¶ 7        In late December 2019, defendant filed a motion to reconsider his sentence, arguing the trial court's sentence was excessive because it failed to consider certain statutory factors in mitigation. In January 2020, defendant, represented by different counsel, filed another motion to reconsider the sentence, claiming the "sentence imposed was excessive," along with a "Motion to Withdraw Plea and Vacate Judgment," claiming (1) defendant "did not enter the guilty plea voluntarily and knowingly, (2) [d]efendant was denied effective assistance of counsel, and (3) [a]ny and all other error that appears on the record." In July 2020, the trial court denied defendant's amended motion to reconsider sentence. In October 2020, the court heard defendant's motion to withdraw his guilty plea. At the hearing, defendant's counsel, another new attorney, stated he discussed with defendant the fact that Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) required the filing of a motion to withdraw the plea prior to perfecting an appeal, and they agreed to stand on the motion filed by prior counsel with no further argument. The State had no argument, and the trial court denied the motion.

¶ 8        This appeal followed.

¶ 9                                II. ANALYSIS

¶ 10        On appeal, defendant argues the trial court improperly denied his motion for reconsideration and the trial court's 20-year sentence is excessive. Defendant also contends the court considered improper factors at sentencing. Defendant does not challenge the trial court's denial of his motion to withdraw his guilty plea. The State raises a threshold issue, claiming defendant cannot challenge the sentence imposed pursuant to a negotiated plea and asks us to dismiss this appeal, citing *People v. Johnson*, 2019 IL 122956, 129 N.E.3d 1239. Alternatively, the State contends the trial court did not abuse its discretion in sentencing defendant to 20 years in

DOC. We agree with the State's first argument and, therefore, need not reach the merits of the second.

¶ 11          The timely filing of a motion to withdraw a plea pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) "is a condition precedent to an appeal from a judgment on a plea of guilty." *People v. Flowers*, 208 Ill. 2d 291, 300-01, 802 N.E.2d 1174, 1180 (2003). A defendant's failure to comply with the rule does not deprive us of jurisdiction, but it does preclude us from considering the appeal on the merits, requiring dismissal instead. *Flowers*, 208 Ill. 2d at 301. Whether Rule 604(d) was properly applied is reviewed *de novo*. *Johnson*, 2019 IL 122956, ¶ 22. Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) states, in part:

> "[n]o appeal shall be taken upon a negotiated plea of guilty
>
> challenging the sentence as excessive unless the defendant, within
>
> 30 days of the imposition of sentence, files a motion to withdraw
>
> the plea of guilty and vacate the judgment. For purposes of this
>
> rule, a negotiated plea of guilty is one in which the prosecution has
>
> bound itself to recommend a specific sentence, or a specific range
>
> of sentence, or where the prosecution has made concessions
>
> relating to the sentence to be imposed and not merely to the charge
>
> or charges then pending."

¶ 12          There is a rationale underlying the Rule 604(d) restriction on challenges to excessive sentences without first seeking to withdraw from a negotiated plea. It is premised on "the nature of the plea agreement" and "the application of contract law principles," as most recently explained by our supreme court in *Johnson*, 2019 IL 122956, ¶ 27. In *Johnson*, the court discussed

the evolution of Rule 604(d) and its application to various forms of guilty pleas, which proves helpful in this case.

¶ 13        The court began by discussing its earlier decision in *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996), which held that a defendant may not seek to reduce his sentence by filing a motion for sentence reconsideration after he pleaded to certain charges in exchange for an agreement to dismiss other charges and to recommend a specific sentence—a plea arrangement characterized as "negotiated." *Evans*, 174 Ill. 2d at 327; see *Johnson*, 2019 IL 122956, ¶ 26. That logic is sound enough. A defendant seeking to reduce an agreed-upon sentence is trying to hold the State to its part of the bargain, while unilaterally seeking a sentence reduction.

¶ 14        *Evans* was a consolidation of two cases where both defendants entered pleas involving the dismissal or reduction of charges in return for recommended specific sentences. In each instance, defendants were taking advantage of agreements limiting their sentencing exposure, then seeking to attack those same sentences as excessive. The *Evans* court, finding plea agreements to be governed to some extent by constitutionally based contract law principles, held that under the terms of a negotiated plea agreement (what Rule 604(d) characterizes as concessions by the State relating to the sentence to be imposed) "the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain." *Evans*, 174 Ill. 2d at 332. It held:

> "[F]ollowing the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the status quo." *Evans*, 174 Ill. 2d at 332.

The supreme court's rationale was not only contractually sound but just made sense.

¶ 15　　　　The defendant in *Johnson* entered a slightly different negotiated plea, where the State agreed to dismiss the more serious charges and cap any sentence exposure at 13 years. His was a negotiated plea with a "recommended sentencing cap" or upper limit on the sentence he could receive. *Johnson*, 2019 IL 122956, ¶ 4. The defendant ultimately appealed his 11-year sentence, abandoning any claim of error in the denial of his motion to withdraw plea and instead seeking plain error review for what he claimed was an improper reliance on aggravating factors in the trial court's sentence. *Johnson*, 2019 IL 122956, ¶ 16. Our supreme court noted it had already applied the same contract principles from *Evans* to a "recommended sentencing cap" in *People v. Linder*, 186 Ill. 2d 67, 708 N.E.2d 1169 (1999). *Johnson*, 2019 IL 122956, ¶ 28. The question in *Linder* was "whether a defendant who pleads guilty *in exchange for a cap on the length of his sentence* may challenge a sentence that is imposed within the range of the cap without first moving to withdraw his guilty plea." (Emphasis added.) *Linder*, 186 Ill. 2d at 68. The answer, of course, was no. Once again, a defendant was seeking to receive the benefit of a known upper limit to his sentence and a dismissal of other charges, and then take a shot at a sentence reduction. Receiving the benefit of the bargain and then unilaterally seeking to sweeten it could not be permitted. We said as much in *People v. Catron*, 285 Ill. App. 3d 36, 37, 674 N.E.2d 141, 142 (1996), three years earlier, when we held, "[b]y agreeing to a potential range of sentences, a defendant implicitly concedes that a sentence imposed within the range cannot be excessive."

¶ 16　　　　The *Johnson* court's discussion of case law applying Rule 604(d) highlighted the difference between those cases where no aspect of sentencing is part of the agreement, as in *People v. Lumzy*, 191 Ill. 2d 182, 187, 730 N.E.2d 20, 22-23 (2000), and those where negotiations concern both the charging and sentencing aspects of a case like that found in *People v. Diaz*, 192 Ill. 2d

211, 225, 735 N.E.2d 605, 612 (2000). In *Lumzy*, the State agreed to drop certain charges in return for the defendant's plea, with no agreement as to sentence. That, the court said, equated to a circumstance where "*absolutely no agreement existed* between the parties as to [the] defendant's sentence." (Emphasis in original.) *Lumzy*, 191 Ill. 2d at 187. As a result, the defendant in *Lumzy* was not required to move to withdraw his plea as a condition precedent to challenging his sentence. In *Diaz*, by contrast, the State dropped a number of Class X felonies *and* agreed to refrain from seeking either extended-term or consecutive sentencing, for which the defendant was otherwise eligible. *Diaz*, 192 Ill. 2d at 223. The supreme court found this was a negotiated plea as to both the charging and sentencing aspects of the case, analogous to *Evans* and *Linder*, concluding with what might be considered an unfortunate use of words: "if a plea agreement *limits or forecloses the State from arguing for a sentence from the full range of penalties available under law*, in order to challenge his sentence, a defendant must first move to withdraw his plea in the trial court." (Emphasis added.) *Diaz*, 192 Ill. 2d at 225. The wording was unfortunate because that language appears to have served as the template for the 2000 amendment to Rule 604(d):

> "For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, *or where the prosecution has made concessions relating to the sentence to be imposed* and not merely to the charge or charges then pending." (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000).

¶ 17    But what about the situation before us in this case? *Johnson*'s discussion of relevant case law provides no direct comparison for these facts. Here, defendant entered a "negotiated plea" to the extent that the State agreed they would not "recommend" a sentence greater than 18 years;

however, defendant was otherwise entering an open plea to all charges, which included Class X felonies carrying a mandatory minimum of 6 years and a statutory maximum of 30 years. Unlike *Evans*, this was not a plea to an agreed sentence. And unlike *Linder* or *Johnson*, it was not a plea to an agreed cap or an agreed recommendation that limited his upward exposure. In essence, the State gave up nothing but the opportunity to argue for a greater sentence and defendant received nothing more than the hope the trial judge would feel constrained by the State's recommendation. Defendant's plea exposed him to the entire range of sentences possible for all of the offenses charged, and the trial court so informed him. The State, in our case, has not "bound itself to recommend a specific sentence"; it agreed to recommend "no more than 18 years." But Rule 604(d), as it currently reads, also defines a "negotiated plea" as one where the prosecution has bound itself to recommend a "specific range of sentence." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Unlike the fact patterns of *Evans*, *Johnson*, *or Linder*, the term "recommended sentencing cap" had no binding effect on defendant's possible sentence here. The trial court was not bound to a specific range of sentences because the State's "recommendation" did not limit defendant's exposure, as evidenced by the trial court's Rule 402 admonishments. Again, unlike those cases from which the Rule 604(d) language arose, defendant here was still subject to the entire range of sentences possible under the statute. This is a negotiated plea in name only. In reality, defendant pleaded "blind," entering an open plea to all charges with no agreement as to sentence. Although the State may have bound itself to recommend a range of sentence, it did so knowing the court was not so bound. The State, in actuality, made no concessions relating to the sentence to be imposed, but merely to the sentence to be recommended. More importantly, the court was still free to, and did, impose a sentence in excess of the 18-year recommendation of the State. This is not a sentence concession on the part of the State.

¶ 18        According to *Diaz*, "[t]he existence of a sentencing concession by the State activates the application of the *Evans* rule," which precludes unilateral attacks on negotiated sentences, as the sentence is thereby made a part of the bargain between the parties. *Diaz*, 192 Ill. 2d at 225. This may be true in those instances where a State's agreement to recommend "no more than" amounts to a cap or ceiling on the defendant's actual sentence exposure. However, the plea agreement in this case only "limit[ed] or foreclose[ed] the State from *arguing* for a sentence from the full range of penalties available under law." (Emphasis added.) See *Diaz*, 192 Ill. 2d at 225. It did not foreclose defendant's exposure to the full range of sentences up to the 30-year statutory maximum, and the trial court so advised defendant. However, Rule 604(d) and the cases applying it make no distinction between "negotiated pleas," where the State's recommended sentencing cap is an actual cap on a defendant's sentencing exposure and those where it is not. The confusion is even more evident when we see how this language from *Linder* (the reference to a recommended sentencing cap) is often relied upon in other cases without distinction as well. This is so because, in most instances, the State's recommended cap is binding, and the sentence falls within the range of agreed sentences. By way of factual example only, we list the following cases for which we could access trial records: See *People v. Sullivan*, 2020 IL App (4th) 180828-U (no dismissal or reduction of charges, nonbinding recommended cap, court referred to it as an open plea at sentencing and sentenced defendant to cap); *People v. Noble*, 2020 IL App (4th) 180013-U (dismissal of charges and another case, State's binding recommended cap was sentence defendant received); *People v. Millsap*, 2020 IL App (4th) 170858-U (plea to all counts, nonbinding recommended cap, defendant sentenced above the cap); *People v. DeRosa*, 396 Ill. App. 3d 769, 919 N.E.2d 769 (2009) (dismissal of charges, no agreement as to sentences other than to be served concurrently); *People v. Brown*, 2020 IL App (4th) 180578-U (dismissal of other charges and

binding recommended cap, defendant sentenced within the cap); *People v. Knade*, 2020 IL App (4th) 180428-U (plea to all charges, binding recommended cap, sentenced within the cap); *People v. Sellner*, 2012 IL App (4th) 100335-U (plea to all charges, binding recommended cap, sentenced within the cap); *People v. Marks*, 2020 IL App (4th) 180810-U (dismissal of charges, binding recommended cap, sentenced to cap); *People v. Randle*, 2019 IL App (4th) 160899-U (dismissal of charges, binding recommended cap was defendant's sentence).

¶ 19 In *People v. Gooch*, 2014 IL App (5th) 120161, 18 N.E.3d 175, for example, the Fifth District, à la *Lumzy*, said a defendant did not have to move to withdraw his plea where the State agreed to dismiss certain counts that exposed defendant to greater sentences, but there was no agreement or negotiation as to his sentence. Examining *Evans*, *Diaz*, and *Lumzy*, the court concluded, "[w]here the record is clear that no agreement existed between the parties *as to defendant's sentence*, a defendant is not required to withdraw his guilty plea before challenging his sentence." (Emphasis added.) *Gooch*, 2014 IL App (5th) 120161, ¶ 21 (citing *Diaz*, 192 Ill. 2d at 221). In that instance, a " 'defendant manifestly cannot be breaching such a nonexistent agreement by arguing that the sentence which the court imposed was excessive.' " *Gooch*, 2014 IL App (5th) 120161, ¶ 24 (quoting *Lumzy*, 191 Ill. 2d at 187). The court in *Johnson* had also observed, "under Rule 604(d) a defendant is not required to move to withdraw his guilty plea in order to challenge his sentence *where the plea bargain is silent as to sentencing*." (Emphasis added.) *Johnson*, 2019 IL 122956, ¶ 31.

¶ 20 It is arguable, under the facts before us, the plea bargain in this case was silent as to sentencing, since the State's nonbinding recommendation did not limit defendant's sentence exposure. It falls, however, under the unfortunate language of Rule 604(d), as a "negotiated plea of guilty" where the prosecution has "bound itself to recommend *** a specific range of sentence."

Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Further, the State's nonbinding recommendation in this case would constitute the sort of sentencing concession referenced in *Diaz* and confirmed in *Johnson* as sufficient to activate application of the *Evans* rule:

> "if a plea agreement limits or forecloses the State from arguing for a sentence from the full range of penalties available under law, in order to challenge his sentence, a defendant must first move to withdraw his plea in the trial court. If the court grants the motion, both parties are then returned to the status quo as it existed prior to the acceptance of the plea." *Diaz*, 192 Ill. 2d at 225.

Unless and until we receive further clarification from our supreme court, a nonbinding "recommended sentencing cap" must be treated the same as a "binding recommended sentence cap," even though they are substantively different in application. It would seem that when a defendant's "negotiated plea" has the same effect as an open plea the presence of a nonbinding recommendation should not preclude an attack on the sentence as excessive without withdrawing his plea.

¶ 21    We are obligated to follow Rule 604(d), as well as our supreme court's directive in *Johnson*, regarding the definitions currently given "negotiated pleas." See *Mekertichian v. Mercedes-Benz U.S.A., L.L.C.*, 347 Ill. App. 3d 828, 836, 807 N.E.2d 1165, 1171 (2004) ("After our supreme court has declared the law with respect to an issue, this court must follow that law, as only the supreme court has authority to overrule or modify its own decisions."). Consequently, under Rule 604(d), defendant was required to move to withdraw his guilty plea and vacate the judgment, which he did. On appeal, however, he does not attack the trial court's denial of his motion to withdraw his guilty plea at all. Instead, he seeks either remand for a new sentencing

hearing or resentencing to a lesser term of imprisonment pursuant to Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967). Defendant attempts to get around both Rule 604(d) and the application of *Johnson* by claiming that the trial court considered improper factors at sentencing. But this is, in essence, the same as an excessive sentence claim. See, *e.g.*, *People v. Saldivar*, 113 Ill. 2d 256, 265-66, 497 N.E.2d 1138, 1141 (1986); *People v. Reed*, 2018 IL App (1st) 160609, ¶ 54, 118 N.E.3d 642; *Johnson*, 2019 IL 122956, ¶¶ 39-41.

¶ 22        In *Johnson*, the defendant did essentially the same thing. Instead of arguing the trial court erred in denying his motion to withdraw, the defendant presented a new argument claiming that the court improperly relied on aggravating factors at sentencing, creating an error sufficient to implicate due process and fundamental fairness. *Johnson*, 2019 IL 122956, ¶ 36. The *Johnson* court rejected the defendant's claim, finding defendant's request to reconsider the sentence in his appellate brief sought "to retain the State's concession while freely challenging his sentence." *Johnson*, 2019 IL 122956, ¶ 46. Our supreme court in *Johnson* held:

> "[A] defendant who enters into a negotiated plea agreement may not
> challenge his sentence on the basis that the court relied on improper
> statutory sentencing factors. This type of sentencing challenge is an
> excessive sentence challenge. Under Rule 604(d), a defendant's
> recourse is to seek to withdraw the guilty plea and return the parties
> to the status quo before the plea." *Johnson*, 2019 IL 122956, ¶ 57.

¶ 23        Here, like in *Johnson*, defendant's appeal presents an excessive sentence challenge from a "negotiated plea," which is improper. *Johnson*, 2019 IL 122956, ¶ 57. In reversing the appellate court's decision, our supreme court in *Johnson* confirmed the proper procedure to pursue when challenging a negotiated sentence is a motion to withdraw the guilty plea. *Johnson*, 2019 IL

122956, ¶ 57. Defendant's abandonment of any argument regarding the trial court's denial of his motion to withdraw his plea does not permit him to argue his sentence was excessive.

¶ 24 Accordingly, where defendant was sentenced pursuant to a negotiated plea, his recourse was to file a motion to withdraw his guilty plea and argue on appeal how the trial court erred in denying his motion. He failed to do so. Pursuant to *Johnson*, we may not now consider defendant's claim that the trial court relied on improper sentencing factors, since this constitutes an excessive sentence claim, which is not allowed.

¶ 25 III. CONCLUSION

¶ 26 For the reasons stated, we dismiss the appeal.

¶ 27 Appeal dismissed.

**No. 4-20-0515**

| | |
|---|---|
| **Cite as:** | *People v. Robinson*, 2021 IL App (4th) 200515 |
| **Decision Under Review:** | Appeal from the Circuit Court of Livingston County, No. 18-CF-361; the Hon. Jennifer H. Bauknecht, Judge, presiding. |
| **Attorneys for Appellant:** | Mark D. Johnson, Johnson Law Group LLC, of Bloomington, for appellant. |
| **Attorneys for Appellee:** | Randy Yedinak, State's Attorney, of Pontiac (Patrick Delfino, David J. Robinson, and David E. Mannchen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |