NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220492-U

NO. 4-22-0492

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 15, 2023
Carla Bender
4ᵗʰ District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| ERICK PRATT, | ) | No. 19CF286 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas B. Ewing, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Turner and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's sentencing claims are procedurally forfeited.

¶ 2    Defendant, Erick Pratt, entered a partially negotiated plea of guilty to aggravated

driving under the influence (DUI) of alcohol resulting in a fatality (625 ILCS 5/11-501(d)(1)(F)

(West 2018)). The trial court sentenced defendant to 10 years in prison. Defendant appeals,

arguing his sentence is excessive. We disagree and dismiss the appeal.

¶ 3                                 I. BACKGROUND

¶ 4    In July 2021, defendant pleaded guilty to aggravated DUI resulting in a fatality. *Id.*

The State presented a factual basis that defendant was driving on Highway 136 in Fulton County

when he drifted from his lane and entered the lane of a vehicle driven by Timothy Smith. Defendant

struck Smith's vehicle, which resulted in the death of Alice Jones. Defendant tested positive for

topiramate, a prescription medication which comes with a warning to not operate machinery. Defendant did not have a prescription for topiramate.

¶ 5        The parties agreed, in exchange for defendant's guilty plea, the State would not request a sentence of more than four years in the Illinois Department of Corrections (DOC). The trial court confirmed the cap was not a limitation on the court. The court then asked defendant if the agreement was accurate, and defendant responded affirmatively. The court accepted defendant's guilty plea and proceeded directly to sentencing. The State recommended a sentence of four years in DOC. Defense counsel requested a period of probation.

¶ 6        The trial court considered "the factual basis and Presentence Investigation Report, the history and character, attitude of defendant, the evidence, arguments, [defendant's] statement of allocution, [and] considered the statutory matters in aggravation and mitigation." The court highlighted as aggravating factors the harm defendant caused, defendant's history of DUIs, the need for deterrence, and the age of the victim. As mitigating factors, the court found defendant did not contemplate his actions would cause harm, he planned to compensate the victim's family, and defendant served as a caregiver for his stepmother. The court noted the State's agreement to not recommend more than 4 years and sentenced defendant to 10 years in DOC.

¶ 7        Defendant filed a motion to reconsider sentence, arguing the 10-year sentence was excessive. At the hearing on the motion, the trial court reiterated it based the sentence "upon the history of defendant, the offense, and the sentence that was prescribed by the legislature in this matter, and also, after listening to the family members." The court denied the motion to reconsider sentence.

¶ 8        Defendant appealed, and the Third District Appellate Court entered an agreed order for summary remand for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 9        Defense counsel filed a new motion to reconsider, which again argued defendant's sentence was excessive. Counsel also filed a certificate pursuant to Rule 604(d). The trial court denied the new motion to reconsider.

¶ 10        This appeal followed.

¶ 11                                II. ANALYSIS

¶ 12        Defendant argues that his sentence was excessive where the trial court improperly considered factors inherent in the offense and placed undue weight on aggravating factors. Defendant requests we reduce his sentence to the four years recommended by the State in conjunction with his plea agreement. In response, the State maintains that, based on *People v. Johnson*, 2019 IL 122956, ¶ 57, the appeal should be dismissed because defendant failed to file a motion to withdraw his plea. In the alternative, the State argues that the trial court did not consider improper factors and defendant's sentence was not an abuse of discretion.

¶ 13        We first consider whether the appeal should be dismissed. Rule 604(d) provides:

>           "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

In *People v. Evans*, 174 Ill. 2d 320, 327 (1996), the supreme court held that, when a defendant pleads guilty to certain charges in exchange for the State's agreement to recommend a specific sentence, the defendant may not seek reconsideration of that sentence without moving to withdraw his plea. The court later extended this rule to include plea agreements involving sentencing caps. *People v. Linder*, 186 Ill. 2d 67, 74 (1999). Rule 604(d) was amended to reflect these decisions. See Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000). Further, Rule 604(d) specifically

states a negotiated plea of guilty includes "one in which the prosecution has bound itself to recommend a specific sentence." Ill. S. Ct. R. 604(d) (eff July 1, 2017).

¶ 14　　　　Defendant argues this court may consider his sentencing claim because the court sentenced him to a term above the State's recommended sentencing cap. In doing so, defendant contends we should find this court's decision in *People v. Robinson*, 2021 IL App (4th) 200515, was wrongly decided. Defendant points to *Linder*, *Johnson*, and *People v. Heider*, 231 Ill. 2d 1 (2008), for his contention that *Robinson* was wrongly decided and a defendant may challenge a sentence as excessive if the imposed sentence exceeds the State's agreed recommendation.

¶ 15　　　　In *Linder*, the supreme court found a defendant who was sentenced within the range of an agreed cap was, "in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." *Linder*, 186 Ill. 2d at 74. Defendant's logic is, therefore, that he agreed to not challenge a sentence imposed below the cap but did not agree to not challenge a sentence imposed above the cap. However, at the time *Linder* was decided, Rule 604(d) did not yet include the language pertaining to challenging negotiated plea agreements. Compare Ill. S. Ct. R. 604(d) (eff. Aug. 1, 1992) with Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000). The *Linder* court did not consider a sentence imposed above the agreed recommendation and did not have the benefit of Rule 604(d)'s relevant language to serve as guidance. *Linder* is, therefore, inapposite to our reading of Rule 604(d)'s requirements.

¶ 16　　　　In *Heider*, the court considered a defendant's claim the trial court relied on an improper factor in sentencing. *Heider*, 231 Ill. 2d at 18-19. The defendant was sentenced pursuant to a negotiated guilty plea where the State agreed to recommend a sentence of no more than six years, and the trial court sentenced defendant to 10 years. *Id.* at 4. However, our supreme court has already determined *Heider* is inapposite to cases involving Rule 604(d),

noting "the court in *Heider* was neither asked to consider nor addressed the application of Rule 604(d) to the defendant's sentencing challenge." *Johnson*, 2019 IL 122956, ¶ 51. "Accordingly, *Heider* cannot be interpreted to express any view by this court as to the implications of Rule 604(d)" to the circumstances of the case at bar. *Id.*

¶ 17    Finally, in *Johnson*, the defendant entered a plea where the State dismissed more serious charges and agreed to cap its sentencing recommendation at 13 years. *Id.* ¶ 4. The defendant appealed his 11-year sentence, abandoning all claims related to the denial of his motion to withdraw his guilty plea and instead arguing for plain-error review where the trial court relied on allegedly improper aggravating factors. *Id.* ¶¶ 16, 36. Although our supreme court noted the defendant's sentence was "within the terms of the bargain" (*id.* ¶ 45), it did not make any statement implying a term outside the bargain would be open to challenge. We therefore do not find any language this court failed to consider in *Robinson* and reject defendant's request to find *Robinson* was wrongly decided.

¶ 18    The supreme court in *Johnson* unequivocally confirmed a nonbinding sentencing recommendation was sufficient to fall under the purview of Rule 604(d)'s limitation on negotiated pleas of guilty. *Id.* ¶ 46. This court in *Robinson* further discussed the court's language in *Johnson* and found, "[u]nless and until we receive further clarification from our supreme court, a nonbinding 'recommended sentencing cap' must be treated the same as a 'binding recommended sentence cap,' even though they are substantially different in application." *Robinson*, 2021 IL App (4th) 200515, ¶ 20.

¶ 19    *Johnson* additionally foreclosed any attempt to "skirt Rule 604(d)'s requirements by [a defendant] claiming he was not challenging his sentence as excessive," but instead raising a constitutional due process claim by arguing "the trial court improperly relied on certain statutory

factors in aggravation." *People v. Millsap*, 2022 IL App (4th) 210192, ¶ 21 (citing *Johnson*, 2019 IL 122956, ¶ 36). Our supreme court in *Johnson* found this was a "distinction without a difference." *Johnson*, 2019 IL 122956, ¶ 41. "[A] defendant, after entering into a negotiated plea agreement, may not challenge his sentence by claiming the trial court relied on improper statutory sentencing factors." *Millsap*, 2022 IL App (4th) 210192, ¶ 21 (citing *Johnson*, 2019 IL 122956, ¶ 57).

¶ 20        In this case, defendant pleaded guilty in exchange for the State's nonbinding recommended sentencing cap. Defendant's plea was therefore a negotiated plea under the language of Rule 604(d). See Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Millsap*, 2022 IL App (4th) 210192, ¶ 19. "Accordingly, where defendant was sentenced pursuant to a negotiated plea, his recourse was to file a motion to withdraw his guilty plea and argue on appeal how the trial court erred in denying his motion." *Robinson*, 2021 IL App (4th) 200515, ¶ 24. Defendant did not move to withdraw his guilty plea. Consequentially, we may not now consider his excessive-sentence or improper-factors claims on appeal.

¶ 21                        III. CONCLUSION

¶ 22        For the reasons stated, we dismiss the appeal.

¶ 23        Appeal dismissed.